JOSEPH T. McCADDON, Appellant, *v.* CENTRAL TRUST COMPANY OF NEW YORK, Respondent, Impleaded with MEXICAN NATIONAL PACKING COMPANY, LTD., Defendant.

First Department, April 19, 1918.

Corporation — action to compel issuance of definitive bonds — allegations of complaint insufficient for relief demanded — judgment — recovery must be secundum allegata — appeal — amendment of pleadings.

Where a corporation created under the laws of Mexico issued temporary bonds secured by a mortgage to the defendant trust company which were to be exchanged for definitive bonds to be thereafter issued for a like amount and which the Mexican government upon taking over the property of the corporation guaranteed, a holder of a temporary bond for which no definitive bond had been issued, who fails to allege and prove that the Mexican government had guaranteed the definitive bonds or taken over either the business or the property of the corporation, or given to it or the defendant trustee anything of value as compensation for any business or property appropriated, is not entitled in equity to judgment for the delivery to him of definitive bonds for his temporary bonds.

The rule is well settled that a recovery must be had *secundum allegata.*

The court on appeal is without power to amend the pleadings to conform to the proof for the purpose of reversing the judgment.

LAUGHLIN and SHEARN, JJ., dissented.

APPEAL by the plaintiff, Joseph T. McCaddon, from a judgment of the Supreme Court in favor of the defendants,

entered in the office of the clerk of the county of New York on the 16th day of January, 1917, upon the decision of the court after a trial at the New York Special Term, with notice of an intention to bring up for review an order of the Appellate Division reversing an order herein directing the issuance of a commission to take the testimony of a certain witness in Mexico.

*William P. Maloney,* for the appellant.

*John M. Perry* of counsel [*Francis C. Nickerson* with him on the brief; *Joline Larkin & Rathbone,* attorneys], for the respondent.

SMITH, J.:

The Mexican Packing Company was a corporation created by the laws of Mexico. Its plant was situated in Mexico. It issued $3,000,000 of bonds and secured the same by a mortgage executed to the defendant, the Central Trust Company of New York. Temporary bonds were first issued, to be thereafter exchanged for definitive bonds to be thereafter issued. Plaintiff is a holder of $100,000 of these temporary bonds. Thereafter $2,900,000 of definitive bonds were issued, separately numbered, which were sent to the company to be exchanged for temporary bonds of a corresponding number. This excluded this $100,000 temporary bond, which was owned by the plaintiff. Under the instructions, the Central Trust Company was authorized to exchange these $2,900,000 of definitive bonds for all the other temporary bonds that were out. The plaintiff has brought this action, alleging that the trust company has in its possession some of these definitive bonds and demanding that $100,000 of these definitive bonds be delivered to him by the trust company in the place of his $100,000 temporary bond. He alleges that only $2,900,000 of the definitive bonds were issued by reason of a fraudulent conspiracy to cheat him out of the benefit of his $100,000 bond, and that this was known to the trust company. The relief asked is equitable relief, that the trust company take $100,000 of these definitive bonds, which were given to it to replace other temporary bonds of like number, and deliver the same to plaintiff for the plaintiff's temporary bond. Now this

is all there is of the complaint. It is not claimed that any of these definitive bonds were the property of the Mexican Company. The complaint alleges the issuance of $3,000,000 of the temporary bonds and there is no evidence that these bonds are not held by the parties to whom they were issued. A temporary injunction was granted against the distribution of these definitive bonds by this trust company pending the action, but was reversed by this court (167 App. Div. 897) on the ground that the plaintiff could not ask that the holders of these other temporary bonds be deprived of the definitive bonds, which had been delivered to the trust company for them, and in effect that the plaintiff's remedy was to compel the corporation to issue further definitive bonds to be substituted for his temporary bonds. It appears, however, that these $2,900,000 of definitive bonds that were given to the trust company for distribution to the other temporary bondholders were guaranteed by the Mexican government, and the trial court has found that all the property of this Mexican corporation was absorbed or taken by the Mexican government, which, in consideration therefor, guaranteed these $2,900,000 of definitive bonds. If it were true that the security of this mortgage had been divested by the appropriation by the Mexican government and this guaranty had been substituted as compensation to the Mexican Company and the bondholders for this appropriation, probably the trust company would hold these guaranty bonds as trustees for all the temporary bondholders, and the plaintiff might then have an equity action to be allowed to share ratably in these guaranteed bonds. But in the first place, I find no evidence whatever in the record to sustain the finding of the trial court that the Mexican government had appropriated the property of the Mexican Packing Company or had assumed to divest such property of the security of the mortgage, which the trustee holds to secure these bonds. The only evidence of such an act of the Mexican government is found in the certificate made apparently by the Mexican Packing Company of the minutes of the meeting of the board of directors in which it was stated: " A general discussion as to the position took place and it was resolved, as the business had been taken over by the Mexican Govern-

ment, to terminate at the end of July, 1914, as many officers of the company as possible not directly employed in the trading operations. It was resolved that the services of Mr. S. H. Buck and Mr. E. Riker should terminate at the end of the month, and the Chairman was authorized to notify them to this effect."

This certificate was dated the 23d day of December, 1914, and recited the meeting as having been held on the 6th day of July, 1914. Assuming this certificate to be evidence of the facts therein stated, it falls far short of proving that the lien of the plaintiff's mortgage security had been divested, or that the guaranty placed by the Mexican government upon this $2,900,000 of definitive bonds was the full compensation for the property taken, or any compensation therefor. In fact the plaintiff recognized this difficulty and made an application for a commission to issue to examine a witness in Mexico to take proof of these very facts. The Special Term granted the plaintiff's motion, but the order was reversed by this court upon the ground that the evidence sought was not included in the issues raised by the pleadings. (173 App. Div. 927.) This is the order included in the notice of appeal as sought to be reviewed at this time upon the appeal from the judgment.

An examination of the complaint discloses no reference whatever, either to the fact that any of these definitive bonds were guaranteed by the Mexican government, or to the fact that the Mexican government had taken over either the business or the property of the Mexican Packing Company, or had given to the Mexican Packing Company or to the defendant trustee anything of value as compensation for any business or property appropriated, and the complaint itself alleges that the only property of which the said packing company " *is possessed,* is the property covered by the said mortgage given to secure the said bonds, including the plaintiff's bond, which property is situated in the Republic of Mexico." If the Mexican government had not appropriated this mortgage security and had not guaranteed these bonds, it would seem clear that the plaintiff's remedy would only be to have further definitive bonds issued by the packing company, for which

he might substitute his temporary bonds, and such was the position of this court upon the appeal from the order granting the temporary injunction.  Not having pleaded these facts as grounds for the equitable interposition of the court, it would seem clear that the plaintiff is not entitled to any equitable relief, based thereupon, unless his complaint be amended so as to present these issues to the defendant for trial.  Of this the plaintiff had due notice upon the reversal by this court of the order granting a commission to take evidence, on the facts upon which he now relies, as being not pertinent to the issues raised by the pleading.  Moreover, at the close of the evidence, the plaintiff's attorney claimed no equitable rights in this guaranty of the Mexican government.  The plaintiff's attorney then stated: " The trustee has no right to impair the value of our bond by accepting any guaranty on it.  The guaranty upon that bond guarantees certain rights, those rights impair our rights as the holder of 100 bonds, and the trustee has no power under that mortgage to certify that that bond with that guaranty on it is one of the series referred to in the mortgage, unless at the same time it gives us a bond of the same kind.  * * *  It confers upon the guarantor certain rights which are prejudicial to us.  That guarantor has certain rights under that mortgage by having guaranteed it."

Assuming for the argument, however, that this finding of the trial court referred to was based upon sufficient evidence, nevertheless the rule is well settled that a recovery must be had *secundum allegata.*  Even if the evidence came into the case without objection, there was no amendment of the complaint upon the trial which would present that issue for determination, and this court is without power to amend the pleadings here to conform to the proof.  In *Steinam* v. *Strauss* (44 N. Y. St. Repr. 380) Presiding Justice Van Brunt, writing for the court, said: " Two questions are raised upon this appeal.  The first is whether the judgment was void upon its face, and the second whether as matter of fact and from proof of extraneous circumstances, it was invalid.  The latter proposition it is not necessary to consider.  No such issue was presented by the complaint and although evidence was taken in respect thereto and the learned judge

seems to have passed upon the same, yet as it was not within the scope of the pleadings, and they never having been amended for the purpose of conforming the pleadings to the proof, this question was improperly considered by the court, and the result of the decision it is not necessary to review here. If it may be said that the court should amend the pleadings to conform the same to the proof, the proof having been taken without objection, it may be suggested in the first place that objections appear as to some of the proof, and also that a complaint *is never amended for the purpose of reversing a judgment,* although such amendments are made in some instances for the purpose of sustaining a judgment." That case was affirmed by the Court of Appeals (137 N. Y. 561). This as I understand it is the settled rule of practice.

It follows from a lack of sufficient pleading to present the issue, that we are not allowed to consider the equities arising from any act of the Mexican government, either in appropriating the business of the packing company or in placing its guaranty upon these other definitive bonds, and without considering such equities, we are of opinion that no reason is presented to justify a decree to compel the defendant trust company to appropriate any of the definitive bonds specified for the redemption of the plaintiff's temporary bond.

The judgment and order should, therefore, be affirmed, with costs.

CLARKE, P. J., and DOWLING, J., concurred; LAUGHLIN and SHEARN, JJ., dissented.

SHEARN, J. (dissenting):

The effect of the judgment appealed from, although it is nominally in favor of the plaintiff, is to deny the plaintiff any relief from an obvious fraud, to which the defaulting Mexican National Packing Company, Ltd., was a party, and as result of which the plaintiff's bond of the par value of $100,000 has been rendered practically worthless. This result has been worked out notwithstanding the finding of fact: " That the defendant Packing Company and its president, John W. DeKay aforesaid, intending to defraud the plaintiff and any holder of said bond of and from the security

of the said bond and to destroy the value and marketability thereof, devised a scheme or device by which the plaintiff's bond was to be ignored in the delivery and exchange of permanent or definitive engraved bonds, and by which the plaintiff would be deprived of the benefit of the guaranty of the payment of the interest and capital of said bonds aforesaid by the Republic of Mexico;" and notwithstanding the findings that, when the bonds, including plaintiff's bond, were issued by the packing company, payment was secured by a mortgage covering all the property of the packing company, which was engaged in "the operation of a rastro or slaughtering place and packing company, in the Republic of Mexico, under concessions, rights and franchises from the Mexican Government," and that the only property which it possessed was the property in the Republic of Mexico which was taken by the government of the Republic of Mexico when all of the bonds were guaranteed by that government with the exception of plaintiff's bond, which the packing company and DeKay caused to be omitted from the guaranty for the express purpose of defrauding plaintiff and rendering his bond worthless. True, the proof that the Mexican government had taken over all of the packing company's property and that there had been substituted, or attempted to be substituted, as security the guaranty of the Mexican government in the place of the packing company's property, was slight, but it was sufficient as against the defaulting defendant packing company. Such a result should not stand if there is any lawful way to obviate it.

The trouble with the plaintiff's case from the start has been the absence of parties without whose presence a complete determination of the controversy could not be had, namely, the holders of the balance of the bond issue. When the case was before this court (167 App. Div. 897) on an appeal of the defendant trust company from an order granting an injunction *pendente lite*, restraining the trust company from delivering the definitive bonds in its possession in exchange for temporary bonds theretofore issued, the court said, SCOTT, J., writing for the reversal of the order: "For some reason, not disclosed by the moving papers, the mortgagor corporation has not deposited with the trust company permanent bonds

to be exchanged for plaintiff's temporary receipt. The order appealed from enjoins defendant trust company from delivering to any other holder of a temporary receipt (none of whom are parties to the action) the permanent bonds to which it is apparently not denied by any one, including the plaintiff, that they are entitled. It is quite apparent that the injunction must have been granted by inadvertence. To prevent others from receiving the bonds to which they are entitled cannot be said to be in furtherance of any claim plaintiff may have that bonds be issued to him."

When the case was tried, however, the reason was disclosed why the mortgagor corporation had not deposited with the trust company permanent bonds to be exchanged for plaintiff's temporary receipt. The reason was that the packing company and DeKay, as found by the Special Term, had perfected a scheme to defraud the plaintiff and render his bond practically worthless by turning over to the Mexican government all the packing company's property in exchange for a guaranty of all of the company's bonds except the bond of the plaintiff. Of course the Mexican government, as a matter of law, took the property subject to the lien of the mortgage and, theoretically, the plaintiff might be able, if aided by his government, to procure a foreclosure and a sale of the property to pay his bond at maturity, but, as a practical matter, it is readily apparent that there has been effected a substitution of the Mexican government's guaranty in the place of the mortgage security, and as that guaranty does not inure to the benefit of the plaintiff, his bond is practically worthless. As it is impossible to require the Mexican government to guarantee plaintiff's bond, the plain equity of the situation is that, as between the packing company and its bondholders, the plaintiff is entitled to share ratably with the other bondholders in the security of the guaranty, substituted for the mortgaged property. Certainly this is so as to any bondholders who were either parties to or had notice of the fraud. But it is equally clear that no bondholder could be required either directly or indirectly to forego any of his rights in the guaranty for the benefit of the plaintiff without having his day in court. To require the trust company to deliver to the plaintiff in exchange for his temporary bond an equal

amount of definitive guaranteed bonds might prejudice the rights of some *bona fide* holder of a temporary receipt who had not yet presented the same to the trust company in exchange for the definitive guaranteed bonds to which he was entitled. Accordingly, the learned justice at Special Term was right in refusing, as the case stood, to compel the trust company to deliver such definitive guaranteed bonds to the plaintiff. But when confronted with proof of such a fraud as has been perpetrated against the plaintiff, the court should not have in effect denied the plaintiff all relief. Section 452 of the Code of Civil Procedure provides that "Where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in." There are numerous authorities sustaining the right of the court, under this section, to halt the proceeding before judgment and to require the other bondholders to be brought in as defendants in the action. With all the bondholders before the court, it would have been readily possible to have rendered a judgment that would have at once given the plaintiff relief from the fraud practiced upon him and that would at the same time have been entirely fair to the holders of the definitive guaranteed bonds. In the prevailing opinion, Mr. Justice Smith lays stress upon the fact that the complaint fails to allege that any of the definitive bonds were guaranteed by the Mexican government, or that the Mexican government had taken over either the business or the property of the packing company, and that, on the contrary, the complaint alleges that the only property of which the packing company " is possessed, is the property covered by the said mortgage given to secure the said bonds including the plaintiff's bond, which property is situated in the Republic of Mexico." It is accordingly held that not having pleaded these facts as ground for equitable relief, the plaintiff is not entitled to any equitable relief based thereupon, unless the complaint be amended so as to present these issues for trial, and that this court is without power to amend the pleadings here to conform to the proof. This situation is aggravated by the fact that the plaintiff had notice of this defect in the pleading when this court reversed an order granting a commission to take testimony in Mexico to establish the facts

bearing upon the guaranty and the substitution of the guaranty for the property mortgaged, for this court based its decision upon the ground that the facts were not pertinent to the issues raised by the pleadings. But it is not necessary to turn the plaintiff out of court upon this ground, where the facts as found by the Special Term show that the plaintiff is entitled to relief. No motion was made to dismiss the complaint at the beginning of the trial and no point was made of any discrepancy between the theory of the complaint and the facts proved at the conclusion of the trial. When the evidence was received showing the guaranty, there was no objection on behalf of the packing company, for it was not represented on the trial. The evidence was objected to by the trust company, but not upon the ground that it was not within the pleadings. Now that the evidence is in the record, and has been made the basis of a finding, and no point having been made on the trial that the evidence was not within the issues, it should not be disregarded, especially where, if the point had been made on the trial, the plaintiff might have been given leave to apply at Special Term for leave to amend the complaint. Such an amendment should be made before the case is retried, and doubtless application for leave to amend will be made if it shall be finally decided that the facts warrant equitable relief in view of the fraud disclosed, and a new trial is ordered.

Therefore, I think that the judgment should be reversed and a new trial ordered, and that the plaintiff should be directed to bring in as defendants the holders of all of the outstanding bonds and holders of temporary receipts for bonds exchangeable for definitive bonds.

The circumstances warrant further relief to the plaintiff pending such new trial. It appears that when the temporary bonds were originally issued, they were delivered to DeKay as president of the packing company and that they were all delivered to him. It does not appear by whom the surrender was made of all such temporary bonds as were delivered to the trustee to be exchanged for the definitive guaranteed bonds, but as 628 of the guaranteed bonds are still in the possession of the trustee, uncalled for, it may well be that these 628 bonds belong to the packing company,

to whom all the temporary bonds were originally issued, and that they may be withdrawn by that company before a new trial proceeds to judgment. If such should be the case, and it may be inferred from the evidence, equity should halt this fraud and refuse to permit these 628 guaranteed bonds being turned over to the packing company, or to DeKay, both of whom were parties to the fraud, or to any one on the order of either of them. This would in no respect interfere with the rights of any *bona fide* owner of these bonds, and it would protect the rights of the plaintiff while he is pursuing the difficult, expensive and protracted proceedings which may be necessary in order to establish definitely his rights.

. LAUGHLIN, J., concurred.

Judgment affirmed, with costs