■ DONALD SHAPIRO, Appellant, v. NICHOLAS CAGGIANO, Respondent.— In an action to recover damages for breach of contract, the appeal, by permission of this court, is from an order of the Appellate Term, which (1) reversed a judgment of the District Court, Nassau County, entered after trial before the court without a jury, in favor of the appellant for $1,749.80, and (2) dismissed the complaint, with costs. Order of the Appellate Term reversed on the law and judgment of the District Court, Nassau County, reinstated, with costs in this court and in the Appellate Term. The findings of fact of the District Court are affirmed. Respondent's answer did not plead waiver as an affirmative defense, nor does it appear from the record that it was con-

tended on the trial that appellant had waived his rights under the contract. In the absence of such a pleading (cf. *Irving Trust Co.* v. *Park & Tilford Import Corp.*, 250 App. Div. 570; *Davison* v. *Klaess*, 280 N. Y. 252, 260) and under the circumstances disclosed by the record, it was, in our opinion, error to reverse the judgment in appellant's favor on the ground that he had waived his right to claim a breach of contract, and to dismiss the complaint. (*Volkening* v. *De Graaf*, 81 N. Y. 268, 272; *Trustees of Amherst Coll.* v. *Ritch*, 151 N. Y. 282, 337; *McCaddon* v. *Central Trust Co.*, 182 App. Div. 846, affd. 229 N. Y. 560.) In any event, if it be assumed that the defect in the answer could properly be disregarded, we find in the record no evidence of facts sufficient to sustain the conclusion that such rights had been waived. We are in accord with the determination of the District Court that the contract, insofar as it provided for liquidated damages, did not require the payment of a penalty. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.