William A. Gorham, Plaintiff, *v.* Norman Arons et al., Defendants, and National Auto Renting Co. Inc., Defendant and Third-Party Plaintiff-Respondent. Parish Press Inc., Third-Party Defendant-Appellant.

First Department, May 26, 1953.

*Frederick Behr* of counsel (*Frederick Behr, Jr.*, with him on the brief), for appellant.

*William L. Shumate* of counsel (*Garfield, Shumate & Schaff*, attorneys), for respondent.

BREITEL, J. This is a third-party proceeding in which Parish Press Inc., the lessee of a motor truck, was held liable to National Auto Renting Co. Inc., the lessor, for the recovery of a judgment against the lessor for personal injuries sustained by the helper on the truck, due to the negligence of the driver. The lessee has appealed, claiming that under its contract with the lessor, the latter was obligated to carry automobile liability insurance to protect both the lessor and the lessee of the truck; and that, therefore, the lessee is to be saved harmless from any liabilities that may arise from the operation of the truck.

Both the driver, whose negligence was responsible for the accident, and the helper, for whose injuries the original judgment was recovered, were, at the time of the accident, employees of the lessee. As a consequence, the helper could under no circumstances recover against lessee, the employer, who was

covered, as required by law, by workmen's compensation insurance. The helper could and did sue the lessor under its statutory liability as the registered owner of the truck (Vehicle and Traffic Law, § 59).

The motor truck in question was rented pursuant to a written agreement, the essential elements of which are now of common use in industry and commerce (see, e. g., *Ward* v. *Metropolitan Distributors,* 47 N. Y. S. 2d 866, affd. 268 App. Div. 994). Under it the lessor provides the motor truck, its garage, fuel, lubrication and repair maintenance, license registration, insurance and indeed " all the expenses of the operation of said vehicle * * * except the wages of chauffeurs or helpers."

The provision of the contract which is most significant in this case is that which related to insurance. It read as follows: " XIV. The Lessor agrees to effect and maintain indemnity insurance protecting the interests of the parties to this contract against liability for damage for personal injury caused by any vehicle or its operation to the extent of Two Hundred Thousand ($200,000) for any one accident involving injuries to more than one person the sum of One Hundred Thousand ($100,000) Dollars for injury to one person, and also to effect and maintain insurance in the sum of Five Thousand ($5,000) Doll. against liability for damage to property caused by the operation of any vehicle."

Undoubtedly, if there were no such provision or agreement between lessor and the lessee of the truck, the lessor would be entitled to judgment over against the lessee for any liability that lessor might have sustained as owner of the truck but arising from the active negligence of lessee or its agents and employees. In this case, it would have been the active negligence of lessee's driver in the operation of the vehicle. Since lessor's negligence was passive, and arose constructively and solely by statute because of its registered ownership of the vehicle, it could have recovered judgment over against lessee (*Westchester Lighting Co.* v. *Westchester Co. Small Estates Corp.,* 278 N. Y. 175). It would have been no defense, as held in the *Westchester Lighting Co.* case, that lessee carried workmen's compensation insurance to protect it from liability arising from injuries to its own employees, sustained in the course of employment, or through the negligence of a fellow employee.

But there is this insurance provision in the agreement between lessor and lessee and it makes a great difference, if we correctly read its import. Lessor urges that the provision required it to carry automobile liability insurance and that it performed

its covenant by obtaining a standard automobile liability policy, which it concededly did. It urges further that the exclusions in the policy except from coverage liabilities insurable in workmen's compensation insurance. Lessee on the other hand argues that the agreement makes no reference to standard insurance, nor did it (and it was not entitled to) receive an opportunity to inspect the insurance procured, and that consequently, it might not be in a position to protect itself by insurance against the liability that lessor now seeks to fasten upon it.

A sensible reading of the contract provision quoted at length above and the intention of the parties as expressed in the provision that " Lessor is to pay all the expenses of the operation of said vehicle * * * except the wages of chauffeurs or helpers " inexorably suggests the agreement means that lessee is to face no liability from any direction, whether common-law liability, statutory liability, or strange anomaly arising from a mixture of both, as is the case here, which may occur from the mechanical operation of the truck. This entails no merely literal rendering of the language. It also recognizes the economic and legal realities that the parties to this contract must have had in mind. The lessor in effect says to the lessee: " We will supply the truck, provide all its maintenance, repairs, fuel, lubrication, garage, insurance, and all you have to do is to provide your own employees to operate it in your business. For this, you will pay us a rental, and you will be relieved of all the cares of vehicle ownership." The lessee accepts this offer, and not for one moment does it occur to it that there may be some narrow and recessed interstice of liability that might or might not be covered by its own workmen's compensation insurance or the liability insurance that the lessor has undertaken to carry in consideration of the rental paid for the hire of the truck.

It is, of course, immaterial that, as claimed by lessor, in this particular case workmen's compensation insurance is carried by lessee, which lessor argues in its brief would protect lessee against the third-party judgment rendered herein. Under different circumstances such insurance might not be present. This case does not present a problem in which the court allocates risks as between licensed insurers, but one where an agreement for hire between commercial corporations is to be construed in accordance with the manifest intent.

Accordingly, the contract provision should be construed to cover any liability when it stated " liability for damage * * * caused by any vehicle ", and it should not be construed so as

to add by implication " except when caused by a fellow employee to the injury of another."

The judgment in favor of the third-party plaintiff against the third-party defendant should be reversed, and the third-party complaint dismissed.

PECK, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, with costs to the appellant and judgment is directed to be entered dismissing the third-party complaint herein, with costs. [See *post*, p. 760.]