WILLIAM A. GORHAM, Plaintiff, *v.* NORMAN ARONS et al., Defendants, and NATIONAL AUTO RENTING Co., INC., Defendant and Third-Party Plaintiff-Appellant. PARISH PRESS INC., Third-Party Defendant-Respondent.

Argued January 6, 1954; decided February 25, 1954.

*Samuel E. Swiggett* for third-party plaintiff-appellant.

*Frederick Behr* and *Frederick Behr, Jr.,* for third-party defendant-respondent.

*Per Curiam.* Appellant, third-party plaintiff, urges that the Appellate Division improperly reversed the judgment of the trial court and dismissed its third-party complaint on the basis of appellant's breach of its agreement with respondent, third-party defendant, since the latter's answer, while alleging the agreement, failed to plead a breach. The record shows, however, that evidence offered to establish such breach was admitted at the trial, and that the issue was considered and determined by both the trial court and the Appellate Division — all without demur or objection from appellant, until it moved for reargument in the Appellate Division. Especially in such circumstances, the Appellate Division was fully empowered to deem the pleadings as amended to conform to the proofs or to disregard respondent's omission to plead the defense (Civ. Prac. Act, §§ 105, 109). Nothing in· *Volkening* v. *De Graaf* (81 N. Y. 268, 272) or *Amherst Coll.* v. *Ritchie* (151 N. Y. 282, 337) or *McCaddon* v. *Central Trust Co. of N. Y.* (229 N. Y. 560, affg. 182 App. Div. 846) denies such authority to the Appellate Division, even though it reverses the judgment below.

The judgment appealed from should be affirmed, with costs.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Judgment affirmed.