EDWARD L. TRAUB, Appellant, v. THOMAS DINZLER, Respondent and Third-Party Plaintiff-Appellant. VICTORIA TELEVISION CORP. et al., Third-Party Defendants-Respondents.

Argued October 11, 1955; decided December 28, 1955.

*Arthur A. Kaye* and *Gerald Moss* for appellant. I. There was ample proof that the Dinzler car was driven into the rear of the car ahead. This was established as a matter of fact and was not left to inference. II. Where an operator drives his automobile into the rear of another car going in the same direction, a question of fact is presented as to his negligence. (*Schuler* v. *Newhof,* 276 App. Div. 887; *Tosto* v. *Marra Bros.,* 275 App. Div. 686, 299 N. Y. 700; *Diem* v. *Adams,* 266 App. Div. 307; *Lafforthun* v. *Strauss,* 192 Misc. 88.) III. The verdict for plaintiff should be reinstated and judgment directed to be entered accordingly. (*Cornbrooks* v. *Terminal Barber Shops,* 282 N. Y. 217; *Marcario* v. *City of New York,* 278 App. Div. 712.)

*William C. Mattison* and *Thomas P. Curtin* for respondent-appellant. I. On this record the trial court properly dismissed the complaint of plaintiff Traub. (*Cole* v. *Swagler,* 308 N. Y. 325; *O'Connor* v. *Complete Mach. & Equipment Co.,* 281 App. Div. 1046, 307 N. Y. 623; *Wank* v. *Ambrosino,* 307 N. Y. 321; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90.) II. The trial court improperly dismissed Dinzler's third-party complaint. (*Elfeld* v. *Burkham Auto Renting Co.,* 299 N. Y. 336; *Elliott* v. *Flushing Sand & Stone Co.,* 273 App. Div. 782; *Dittman* v. *Davis,* 274 App. Div. 836, 299 N. Y. 601; *Gorham* v. *Arons,* 282 App. Div. 147, 306 N. Y. 782; *Chirichella* v. *Shamrock Cab Corp.,* 207 Misc. 371.) III. This court, on the procedural aspects of this record, must grant a new trial on reversal and may not reinstate the jury's verdict for plaintiff. (*Shaw* v. *Roovers Bros.,* 289 N. Y. 348.)

*William E. Lyons* for Victoria Television Corp., third-party defendant-respondent. Since plaintiff in the primary action failed to establish a cause of action against Dinzler, the issues raised by the third-party complaint between third-party plaintiff Dinzler and third-party defendant Victoria Television Corp. became academic and dismissal of the third-party complaint was proper. (*Martin* v. *Herzog,* 228 N. Y. 164; *Digelormo* v. *Weil,* 260 N. Y. 192; *Brianzi* v. *Crane Co.,* 196 App. Div. 58; *O'Connor* v. *Complete Mach. & Equipment Co.,* 281 App. Div. 1046, 307 N. Y. 623; *Church* v. *Staley,* 281 App. Div. 928, 306 N. Y. 979; *Philpott* v. *Conrad,* 282 App. Div. 1095; *Cole* v. *Swagler,* 308 N. Y. 325.)

*James E. Boboras* and *Francis J. Parks* for Hjalmar V. Sorenson, third-party defendant-respondent. I. The trial court properly dismissed the complaint of plaintiff Traub. (*Wank* v. *Ambrosino,* 307 N. Y. 321.) II. The judgment dismissing the third-party complaint should be affirmed or, in the event that this court reinstates the verdict of the jury in favor of plaintiff, the case should be remitted to trial term for such proceedings with respect to the third-party complaint as this court deems proper. (*Elliott* v. *Flushing Sand & Stone Co.,* 273 App. Div. 782; *Dittman* v. *Davis,* 299 N. Y. 601; *Dolnick* v. *Donner Lbr. Corp.,* 275 App. Div. 954, 300 N. Y. 660; *Middleton* v. *City of New York,* 276 App. Div. 780, 300 N. Y. 732.)

Burke, J. The plaintiff appeals from a judgment affirming the dismissal of the complaint on the merits, and the defendant, Dinzler, third-party plaintiff-appellant, appeals from the affirmance of the dismissal of the third-party complaint against Victoria Television Corp. and Sorenson.

The plaintiff Traub instituted this action against the defendant Dinzler for personal injuries sustained by Traub in a collision between a motor vehicle owned by Dinzler and operated by third-party defendant Sorenson and another unidentified motor vehicle. Dinzler impleaded Victoria Television Corp. and Sorenson, alleging that he loaned his motor vehicle to Victoria, whose employee, Sorenson, was driving it in the course of his employment by Victoria, at the time of the accident. Victoria impleaded Sorenson.

The action was tried in the Supreme Court, Nassau County, before the court and a jury. On the retirement of the jury for its deliberation, the court dismissed Dinzler's third-party complaint against Victoria and Sorenson, as well as Victoria's third-party complaint against Sorenson.

Thereafter the jury returned a verdict in the main action in favor of Traub against Dinzler in the amount of $5,000. The court set aside the verdict, holding that Traub failed to prove a collision and failed to prove any actionable negligence on the part of the defendant Dinzler. In a supplemental memorandum opinion the court granted the defendant Dinzler's motion to dismiss the complaint at the end of the entire case.

On a rainy afternoon the plaintiff, Traub, was a front-seat passenger in a motor vehicle owned by defendant Dinzler, and driven in a westerly direction by third-party defendant Sorenson on Grand Central Parkway, Queens, New York. Traub and Sorenson were fellow-employees of Victoria. They were transporting a television set in the vehicle. Victoria had borrowed the vehicle from Dinzler for the purpose of delivering the television set. Dinzler was not present in the car at the time.

The Dinzler vehicle, prior to the accident, was proceeding in the right lane at a uniform rate of speed, estimated by plaintiff to be between thirty and forty miles per hour. This rate of speed, so the court charged, without exception, was a legal rate of speed.

As the Dinzler vehicle proceeded along the highway and approached Hollis Court Boulevard, Queens, the vicinity of the accident, the rainfall increased in intensity. Plaintiff thereupon prepared to close the open car window on his side of the vehicle. To accomplish this he turned his body in the direction of the window and with his left hand on the window pane and his right hand on the window crank, he closed the window. As plaintiff then turned his body to the normal passenger position, he noticed a car in front of the Dinzler vehicle on the highway and in the same lane. This car, plaintiff testified, was either stopped or going slowly and was some thirty-five feet in front of the Dinzler vehicle when plaintiff first saw it. The driver of this car gave no manual or mechanical warning signal of any kind. Sorenson attempted to stop the Dinzler vehicle but it did not seem to slacken its speed. Plaintiff testified on direct examination that he did not remember the " crash " as he lost consciousness due to a head injury.

On cross-examination of the plaintiff, all three attorneys for the defendants referred to the accident or collision. The defendant Dinzler testifying in his own behalf confirmed the occurrence of the collision and conceded that he had filed a report of the collision with the Motor Vehicle Bureau. The defendants offered no other proof. The uncontradicted testimony presented a question of fact for the jury: Was Sorenson as a party to an automobile accident on a rainy day negligent in operating a car which failed to slacken its speed when the brakes were applied while driving the car at thirty-five to forty miles an hour, and following within thirty-five to forty feet of a car engaged in slowing down or stopping? The defendants were free to produce other evidence as to the cause of the accident. They failed to do so.

Here the facts proved might warrant the inference that the accident was attributable to the failure of the operator of the defendant's car to properly control the car. Therefore it was for the jury to decide whether or not the operator of the defendant's car was negligent. In *Chisholm* v. *State of New York* (141 N. Y. 246, 250) this court stated:

" Great stress was laid upon the fact that the claimant testified that he did not know how he fell; he stated under cross-examination: ' I think I stepped down one of the steps; after

that I did not know anything until I was picked up down on the ground.'

" It was insisted that claimant's lack of knowledge on this point led to a failure of proof as to how he came to be lying at the bottom of this excavation ten feet in depth.

" We do not so regard it, but, on the contrary, consider that the claimant's testimony, taken in connection with all the evidence in the case, leads irresistibly to the conclusion that he, without negligence on his part, on a dark night fell into an excavation that the state, through its servants, had left directly in his path, wholly unguarded, in a public highway over which he was lawfully traveling."

We conclude that the court in this case erred in setting aside the verdict and dismissing the complaint of the plaintiff.

The court also improperly dismissed the defendant's third-party complaint. The plaintiff sued only Dinzler. The plaintiff's complaint was founded exclusively on the negligence of Sorenson in operating Dinzler's vehicle. The pleadings contain no allegation of affirmative or active negligence on Dinzler's part. The plaintiff sought recovery against Dinzler solely on Dinzler's ownership of the vehicle in which the collision occurred. Therefore, Dinzler's liability, if any, is vicarious as the owner of the vehicle and purely statutory under section 59 of the Vehicle and Traffic Law. Dinzler impleaded Victoria, alleging a bailment of his vehicle to Victoria, and also Sorenson, alleging that Sorenson operated the vehicle in the course of his employment at the time of the accident. In his third-party complaint Dinzler stated that he was not in the vehicle at the time of the accident and he pleaded that plaintiff's recovery against him would be predicated on the primary, active and affirmative negligence of the third-party defendants, Victoria and Sorenson. Victoria in its answer to Dinzler's third-party complaint did not deny the allegation that it borrowed Dinzler's vehicle. Victoria impleaded Sorenson, alleging its employment of Sorenson and his operation of the vehicle at the time of the accident.

The court's dismissal of Dinzler's third-party complaint was founded on two separate grounds: first, that an indemnification agreement is indispensable to impleader, second, that Victoria

and Sorenson, vis-a-vis Dinzler, were joint tort-feasors against whom decisional law denies impleader.

Section 193-a of the Civil Practice Act provides: " *Third-party practice; courts to which applicable.* 1. After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint. The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff."

This is a proper case for impleader. In *Gorham* v. *Arons* (282 App. Div. 147, affd. 306 N. Y. 782), this court held that where liability is statutory and predicated on the ownership of a motor vehicle within the purview of section 59 of the Vehicle and Traffic Law, if the negligence of the owner was passive, the owner is entitled to recover over against the actively negligent employee driver and his employer.

On the state of this record we cannot reinstate the jury's verdict for the plaintiff. (*Shaw* v. *Roovers Bros.,* 289 N. Y. 348.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

Conway, Ch. J., Desmond, Fuld, Froessel and Van Voorhis, JJ., concur; Dye, J., taking no part.

Judgment reversed, etc.