CECELIA LO MONACO, Appellant, v. BENITO LO MONACO, Respondent.— In a separation action, the plaintiff wife appeals from an order of the Supreme Court, Queens County, entered April 4, 1966, which granted the defendant husband visitation rights with the parties' infant son, *pendente lite*, away from plaintiff's home, and on each Sunday between 9:30 A.M. and 6:00 P.M. Order modified by striking out its single decretal paragraph and by substituting therefor a decretal paragraph granting defendant's motion for visitation rights on each Sunday during the pendency of this action, to be exercised at the plaintiff's home for a period of four consecutive hours between 10:00 A.M. and 6:00 P.M., on reasonable notice by defendant to plaintiff. As so modified, order affirmed, without costs. At the time of the order appealed from, the parties' only child was not quite two years of age and had not been in the father's company since the parties' separation some nine months earlier. In our opinion, the child's welfare and interests will best be served by circumscribing the defendant's visitations, for the present, in accordance with our direction herewith. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

VALERIE LUCAS, an Infant, by CURTIS LUCAS, Her Father and Natural Guardian, et al., Respondents, v. ST. JOHNS-RALPH SERVICE CENTER, INC. et al., Respondents, and WILLIE JOYNER, Appellant.— In a negligence action to recover damages for personal injuries arising from an automobile accident, the defendant automobile owner appeals from an order of the Supreme Court, Kings County, entered February 7, 1966, which denied his motion to serve an amended answer alleging a cross claim for indemnity against his codefendants, a service station and its employee, the driver of the automobile. Order reversed, without costs, and motion granted. The proposed answer printed in the record on appeal shall be deemed to be the amended answer; and the codefendants' time to answer with respect to the cross claim is extended until 20 days after entry of the order hereon. In our opinion, under all the circumstances, it was an improvident exercise of discretion to deny leave to the owner to serve an amended answer alleging a cross claim against the service station that had possession of the vehicle and its employee who drove the vehicle at the time of the accident (CPLR 3025; *Traub* v. *Dinzler*, 309 N. Y. 395). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

RAYMOND MENDOZA, an Infant, by His Guardian ad Litem, JOSEPH MENDOZA, et al., Respondents, v. CARL P. ANDERSON et al., Appellants.— In an action by an infant to recover damages for personal injuries sustained as the result of negligent operation of a motor vehicle which struck the infant while he was in a roadway, and by his father for loss of services, etc., defendants appeal from a judgment of the Supreme Court, Nassau County, entered December 23, 1965, in favor of the plaintiffs in accordance with a jury verdict. Judgment reversed, on the facts, and new trial ordered, with costs to abide the event. The testimony of the town engineer and police officer, supported by photographs and skidmarks, serves to show that proof adduced on behalf of the plaintiffs to the effect that no sidewalk existed on the westerly side of the street abutting the scene of the accident and that the infant was struck by an automobile proceeding straight south, with the infant able to do no more than take a backward step, is against the weight of the credible evidence. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.