■ ANTHONY TORTORA et al., Plaintiffs, v ARNOLD R. LAVOY et al., Appellants, and WEDEKIND MOTORS, INC., Respondent.—Appeals (1) from an order of the Supreme Court at Special Term, entered September 23, 1975 in Schenectady County, which granted summary judgment in favor of defendant Wedekind Motors, Inc., and (2) from the judgment entered thereon. Plaintiffs, Anthony Tortora and his wife, Rose Tortora, brought an action against the defendants, Arnold R. LaVoy, his wife, Mary E. LaVoy, and Arnold's employer, Wedekind Motors, Inc., for damages they sustained as the result of injuries received by Anthony Tortora in a collision between two automobiles on November 7, 1973. They complain that the vehicle driven by Anthony Tortora was struck by one negligently operated by Arnold R. LaVoy. Liability was also sought to be affixed on Mary E. LaVoy as the owner of that automobile and on Wedekind Motors, Inc., as the entity which had secured the permitted use thereof for the benefit of its employee. However, Wedekind Motors, Inc., successfully moved to dismiss the complaint against it on the ground that Arnold R. LaVoy was not in the course of his employment at the time of the collision. Although plaintiffs initially opposed that motion, only the defendants LaVoy appeal from the order and judgment subsequently entered. Since Arnold R. LaVoy could never look to his employer for indemnification or contribution, even were it found liable to plaintiffs on the theory of *respondeat superior,* he is plainly not "aggrieved" by the present determination and, consequently, we lack jurisdiction to entertain his appeal (CPLR 5511; *Rogers v Dorchester Assoc.,* 32 NY2d 553). The same may not be said of Mary E. LaVoy, however, for she does possess a right to seek indemnification from Wedekind Motors, Inc., should a judgment ultimately be entered against her as the vicariously liable owner *(Gorham v Arons,* 282 App Div 147, affd 306 NY 782). Therefore, we proceed to the merits and concur with the reasoning of Special Term that inasmuch as there was no evidence whatever that Arnold R. LaVoy was performing or intending to perform any business-related errand or duty on his return from lunch when the collision occurred, he was not

then, as a matter of law, in the course of his employment *(Lundberg v State of New York,* 25 NY2d 467). Unlike *Makoske v Lombardy* (47 AD2d 284, affd 39 NY2d 773) there is no showing here that Arnold R. LaVoy was isolated at his place of employment or was subject to control in how he chose to convey himself to a place where he could obtain lunch. Appeal of Arnold R. LaVoy dismissed, without costs. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.