■ HERTZ CORPORATION, Respondent, v DAHILL MOVING AND STORAGE CO., INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. W. M. ROSS AND CO., INC., Third-Party Defendant-Appellant; NORTH RIVER INSURANCE COMPANY et al., Third-Party Defendants-Respondents.— Judgment of the Supreme Court, New York County, entered August 23, 1979, granting plaintiff's motion for summary judgment and denying the motion of defendant which, *inter alia,* sought a declaration that the insurance policy carried by defendant with third-party defendant North River Insurance Company covered defendant's liability to plaintiff; and which denied the motion of third-party defendant W. M. Ross & Co., Inc., for summary judgment, modified, on the law, to the extent of reversing the denial of defendant's motion and granting a declaration that the policy issued to Dahill Moving and Storage Co, Inc., by North River Insurance Company covers Dahill's liability to Hertz; granting the motion of W. M. Ross & Co., Inc., for summary judgment, and otherwise affirmed, without costs. Hertz leased a truck to Dahill. Under the terms of the lease, Hertz agreed to cover the lessee for bodily injury liability in the sum of $10,000. Dahill carried additional bodily injury liability insurance with North River. On April 3, 1975, a traffic accident occurred as a result of which Francisco Estudillo, a pedestrian, was killed. Action was brought against Hertz, Dahill and the operator of the vehicle. In November, 1977, that action was settled for the sum of $65,000, with Hertz paying the full amount of the settlement. Dahill was represented at the settlement by its own counsel. The stipulation which marked the settlement, reserved to Hertz the right to proceed against Dahill for the amount by which the settlement exceeded the coverage provided by Hertz to Dahill. Thereafter, Hertz commenced this action seeking indemnity from Dahill of the excess over its liability under the policy issued by it. That action was based upon the theory that Hertz' liability was derivative under section 388 of the Vehicle and Traffic Law while Dahill was the party actually at fault. Dahill then brought a third-party action against North River, its insurer; Ross, North River's agent; and Crum and Forster Insurance Companies, the parent of North River. Hertz moved for summary judgment against Dahill. While neither Dahill nor any of the third-party defendants formally cross-moved, each, in its answering papers, actively sought dismissal of the action brought by Hertz. Additionally, Dahill sought affirmative relief against North River and Ross. North River, on the other hand, disclaimed liability under the policy issued by it to Dahill. It contended that that policy did not cover the vehicle because that vehicle was being operated in the business of a joint venture referred to as Dahill-De Luxe which, it asserted, was not an insured under the

policy issued by it. Special Term granted Hertz' motion for summary judgment against Dahill. It denied all of the requests for relief by the other parties. Hertz' obligation under the policy issued by it to Dahill created a primary liability on its part to the extent of $10,000. However, any liability in excess of that primary liability was purely derivative. It arose not from any negligence on its part, but from the statutory obligation imposed by the Vehicle and Traffic Law. Dahill, through its agent, the operator of the truck, was the primary and active tort feasor. Its responsibility for the acts of the truck driver arose by application of the doctrine of *respondeat superior,* under common-law principles. As the primary and active tort-feasor, it is liable in indemnity to Hertz. Accordingly, Special Term held, correctly, that neither CPLR 1401 nor section 15-108 of the General Obligations Law was applicable. However, we think that Special Term erred in denying relief to Dahill against North River. The only contention asserted by the insurer to support its disclaimer is the bald assertion that the truck was being operated by a joint venture known as Dahill-De Luxe. Absent proof that such a joint venture existed and that the insured was party to it, this bald conclusion is insufficient to raise an issue of fact. By consequence, Special Term should have granted Dahill a judgment declaring that North River was liable to it under the policy to the extent that Dahill was liable to Hertz. Since there is no proof that Ross did not write the policy as instructed by Dahill, Ross should have been granted summary judgment. As to Crum and Forster other than a claim that it is the parent of North River, there is no showing that it had any relationship to the facts here involved. Hence, it too must be granted summary judgment. Concur—Sullivan, J. P., Markewich, Bloom, Lynch and Carro, JJ.