■ INTERSTATE MOTOR FREIGHT SYSTEM, Respondent, v MICHIGAN MUTUAL LIABILITY COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered August 13, 1980 in Broome County, which granted plaintiff's motion for summary judgment. A written lease for a truck and trailer was executed between one Wiltse and Sullivan Motor Lines, Inc. (Sullivan). As a result, Sullivan became the "statutory owner" of Wiltse's tractor trailer (Vehicle and Traffic Law, § 128). Wiltse became a driver employed by Sullivan, and also its agent authorized to execute "trip leases" with other shippers to ensure full use of the vehicle. An accident occurred in January, 1976, while Wiltse was operating the vehicle under a trip lease he executed on behalf of Sullivan with plaintiff to transport a load of steel for plaintiff. In an action by occupants of the other vehicle, judgment was entered for $280,000 against plaintiff, Wiltse and Sullivan. Plaintiff was granted judgment upon its cross claim against Sullivan and Wiltse for the same amount. Of the amount due, $200,000 was paid on behalf of Wiltse, and plaintiff paid $25,000, leaving $55,000 plus interests and costs yet to be paid. This court affirmed that judgment (*Slocum v Wiltse,* 75 AD2d 679, mot for lv to app den 51 NY2d 702). Plaintiff commenced this action to recover $80,000 ($25,000 it had paid and $55,000 still due) from defendant (Sullivan's insurer). Special Term granted plaintiff summary judgment and defendant has appealed. The issue raised by defendant is Special Term's interpretation of the following indorsement in defendant's insurance policy issued to Sullivan: "It is agreed that such insurance as is afforded by the policy applies with respect to any * * * hired automobile * * * subject to the following additional provisions: * * * 3. Excess Insurance. With respect to (1) any automobile of·the commercial type while leased or loaned to any person or organization, other

than the named insured * * * the insurance under this endorsement shall be excess over any other valid and collectible insurance, whether primary, excess or contingent, available to the insured. Otherwise the insurance under this endorsement is primary insurance." Defendant, relying upon *Federal Ins. Co. v Atlantic Nat. Ins. Co.* (25 NY2d 71), argues that its policy is for excess coverage only, over any other insurance available to plaintiff. However, that case is clearly distinguishable, in that the Court of Appeals found that there were two policies at issue, both containing exactly the same clauses, i.e., both sought to preclude primary coverage and each contended to be for excess coverage only (*id.* at p 75). Defendant urges that, at minimum, Special Term should have had the two insurance policies before it in order to make a thorough analysis (see *Federal Ins. Co. v Atlantic Nat. Ins. Co., supra*), and that the absence of plaintiff's policy from the moving papers precluded summary judgment. We disagree. Special Term correctly held it has already been determined upon trial, and in fact conceded, that Wiltse was culpable, and that the owner Sullivan was responsible for his negligence. Defendant's argument that the indorsement in its policy specifically covers the instant factual situation rendering it liable for only any excess over plaintiff's available insurance coverage, is misplaced. The trip lease explicitly provided that Sullivan, which profited from the transaction, would indemnify plaintiff for losses resulting from the negligence of Wiltse, its employee. Wiltse and Sullivan were primarily liable. Plaintiff's liability to the injured person was solely by statute applicable to common carriers (see former US Code, tit 49, § 304, subd [e] and former 49 CFR 1057.3 [a]). The exclusionary clause in defendant's policy does not relieve an insurer from liability where such liability, aside from contract, is predicated upon its insured's active negligence in relation to one merely passively negligent, or to another not negligent at all (1 Long, Law of Liability Insurance, § 1.12). Sullivan's liability was not merely one it assumed by contract. Upon trial, it was held primarily liable as an owner for the negligence of its driver Wiltse. Plaintiff has a common-law right to be indemnified for any sums it paid or is obligated to pay as damages to those injured by Sullivan and Wiltse's negligent acts, regardless of the exclusionary clause in the trip lease (see *O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347, 352). Defendant's answer, dated March 5, 1980, contains general denials and two affirmative defenses. The second defense alleges that the rights of the parties will be determined in the underlying personal injury action. These determinations have been finally made. The first affirmative defense asserts that defendant's policy did not provide coverage for liability existing as the result of the trip lease. Special Term was thus presented with no triable issues of fact. There remained only a question of law, which was properly determinable upon a motion for summary judgment. It was essential that defendant present, in evidentiary form, facts sufficient to defeat the motion. This it failed to do. " 'Bald conclusory assertions, even if believable, are not enough.' " (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259.) Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.