■ ANAGYROS MENNIS et al., Respondents, v WESTCHESTER COUNTY PLAYLAND COMMISSION et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. AMENTAS DECORATORS, INC., Third-Party Defendant-Respondent-Appellant. (Action No. 1.) LEONIDAS MENNIS, as Administrator of the Estate of ANTONIOS MENNIS, Deceased, Respondent, v COUNTY OF WESTCHESTER, Defendant and Third-Party Plaintiff-Appellant-Respondent. AMENTAS DECORATORS, INC., Third-Party Defendant-Respondent-Appellant. (Action No. 2.) HARTFORD INSURANCE COMPANY, Appellant. — In consolidated actions, *inter alia,* to recover damages for personal injuries and wrongful death based upon defendants' failure to comply with section 240 of the Labor Law, (1) the defendants, third-party defendant and Hartford Insurance Company, appeal from a judgment of the Supreme Court, Westchester County (Marbach, J.), dated August 26, 1980, which, upon a jury verdict, (a) awarded plaintiffs judgment against defendants in the principal amounts of $400,000, $50,000 and $250,000, respectively, (b) awarded partial judgment over against the third-party defendant in the single principal amount of $400,000, and (c) declared that a certain insurance policy in the face amount of $300,000 "be used as the primary source of satisfaction of indemnity obligation", and (2) the defendant county further appeals from an order of the same court, dated July 10, 1980, which denied its motion to set aside the verdict. Appeal from the order dismissed as academic, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law and the facts (1) by deleting the third decretal paragraph, which awarded plaintiff Leonidas Mennis, as administrator of the goods, chattels and credits which were of Antonios Mennis, judgment against the county in the principal sum of $250,000, and substituting therefor a provision severing the action as between said plaintiff and the county and granting a new trial limited to the issue of damages only, unless said plaintiff serves and files in the office of the clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict in his favor to the principal sum of $125,000, and to the entry of an amended judgment accordingly, (2) by adding provisions declaring

(a) that the proportionate shares of liability of the defendants third-party plaintiffs and third-party defendant are 55% for the Westchester County Playland Commission, 30% for Amentas Decorators, Inc., and 15% for the County of Westchester in Action No. 1, and 35% for the County of Westchester and 65% for Amentas Decorators, Inc., in Action No. 2, and (b) that the third-party defendant Amentas Decorators, Inc., is fully liable in both actions to indemnify and save harmless the third-party plaintiffs from all liability, pursuant to contract, and (3) by deleting the fourth and fifth decretal paragraphs and substituting therefor provisions (a) that the third-party plaintiffs in Action No. 1 recover of the third-party defendant the principal sum of $400,000, together with interest, and that they have execution therefor, upon full satisfaction of the main judgment awarded plaintiff Anagyros Mennis in Action No. 1, and (b) that the third-party plaintiffs in Action No. 1 recover of the third-party defendant the principal sum of $50,000, together with interest, and that they have execution therefor, upon full satisfaction of the main judgment awarded plaintiff Cleo Mennis in Action No. 1, and (c) that the third-party plaintiff in Action No. 2 recover of the third-party defendant the principal sum of $125,000, together with interest, and that the third-party plaintiff have execution therefor, upon plaintiff's serving and filing in the office of the clerk of the Supreme Court, Westchester County, the written stipulation above mentioned, and further, upon the full satisfaction of this portion of the main judgment. As so modified, judgment affirmed, without costs or disbursements. Plaintiff Leonidas Mennis shall serve and file his stipulation within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event said plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed as to him, without costs or disbursements. The findings as to liability are affirmed. Trial Term erred in ruling that an insurance policy purchased by the third-party defendant constituted "preindemnification", discharging its express obligation to indemnify the defendants county and commission from any claims arising out of its contract with the commission for the painting of a roller coaster. The issue of whether the contractual requirement for an insurance policy should be construed as supplanting rather than supplementing a separate contractual requirement for indemnification is one of intent as manifested by the language in the contract (*Gorham v Arons,* 282 App Div 147, affd 306 NY 782). It is clear that the parties to the contract in question intended that the third-party defendant promise not only to save harmless the commission, but also to secure that promise by the purchase of a policy payable to the commission and county. Indeed, the language could not have been plainer: "[N]or shall the insurance requirements be construed to conflict with the obligations of the Contractor concerning indemnification." Although the issue of insurance "preindemnification" was timely raised as a matter of interpretation relevant to the issue of express contractual indemnification, the policy purchased by the third-party defendant was not in evidence and therefore any judicial declaration of rights arising under it would be improper; moreover, since the insurance carrier was not a party to these actions, any such declaration would fix the third-party defendant's and insureds' rights upon what would be only mere assumptions about the validity and coverage of the policy — assumptions that the insurance carrier alone later would be free to litigate. Therefore, those provisions in the judgment that deal with insurance are stricken. The judgment must also be modified to include a declaration of the provisional[*] rights of the county and commission against each other upon the jury's apportionment of culpability. The judgment appealed from recites the jury's apportionment, but declares it "inapplicable" in view of the Trial Term determination that the contract

---

\* See *Rochester Plumbing Supply Co. v A. Burgart, Inc.,* 49 AD2d 78.

shifted all liability from the defendants to the third-party defendant. This was error. In view of the insurance carrier's argument that it might be able to disclaim coverage under the policy if the ultimate liability were shifted by contribution as apportioned by the jury or indemnification as fixed by the contract, the judgment should have declared all the parties' rights and obligations in such a way as to avoid prejudicing any rights arising under the insurance policy. Furthermore, since in one of these two actions the jury apportioned liability not only as between a defendant and the third-party defendant, but also as among two defendants and the third-party defendant, the full indemnification obligation of the third-party defendant would be no substitute for the apportionment of liability as between the codefendants. It is conceivable that the full main judgment would be executed against only one defendant; in such a case that defendant could seek complete reimbursement from the third-party defendant or at least — when as here the third-party defendant may be judgment-proof — contribution from codefendant of that codefendant's apportioned share. Hence there would be nothing inconsistent or redundant in a declaration of rights in both contribution and indemnification, and these rights are decreed in the modified judgment. The judgment must also be modified by granting a new trial as to damages only in the wrongful death action, unless the plaintiff therein stipulates to a reduction of the award to $125,000. The record shows that the verdict was excessive to the extent indicated. The parties' other points have been examined and found to be without merit. Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.