■ ROBERT WARREN, Plaintiff, v ARENA ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant. COMMACK ARENA MARKETING INC., Third-Party Defendant-Respondent. (And a Fourth-Party Title.) — In an action, *inter alia,* to recover damages for personal injuries under Labor Law § 240, the defendant and third-party plaintiff Arena Associates, Inc. (hereinafter Arena) appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated June 15, 1983, as granted those branches of the motion of third-party defendant Commack Arena Marketing, Inc. (hereinafter Commack) which were to dismiss the third-party complaint for failure to state a cause of action and for summary judgment.

Order reversed, insofar as appealed from, on the law, with costs, and those branches of the motion of the third-party defendant which were to dismiss the third-party complaint for failure to state a cause of action and for summary judgment denied.

On January 4, 1979, plaintiff allegedly sustained personal injuries during the course of his employment when he fell from a ladder. The incident took place on property owned by the defendant and third-party plaintiff Arena and leased to plaintiff's employer, the third-party defendant Commack. Plaintiff commenced an action against Arena to recover damages for negligence, claiming a violation of Labor Law § 240. Arena then brought a third-party action against the lessee Commack alleging, *inter alia,* that plaintiff's injuries were caused by the primary negligence of Commack and seeking indemnification pursuant to paragraph 12 of the lease (which the parties have characterized as a "hold-harmless" clause), or, in the alternative, contribution.

Commack contended that it had preindemnified Arena by securing a general liability insurance policy in which Arena is one of the named insureds. Special Term agreed and granted

that branch of Commack's motion which sought summary judgment dismissing the complaint, stating that Arena was sufficiently protected by the insurance coverage procured by Commack and that no questions of fact existed requiring a trial.

At the outset, we note that based upon the record, the $300,000 limit of the insurance coverage procured by Commack is far less than the potential liability of Arena in view of the $2,000,000 ad damnum clause in plaintiff's underlying complaint. The issue of whether Commack's contractual obligation to procure insurance coverage should be construed as supplanting rather than supplementing a separate contractual obligation, if any, to hold Arena harmless from liability for any personal injuries not "caused by or * * * due to the negligence of the Landlord", is a question of "intent as manifested by the language in the contract" (*Mennis v Westchester County Playland Commn.,* 87 AD2d 862, 863, *lv dismissed* 57 NY2d 772; *Gorham v Arons,* 282 App Div 147, *affd* 306 NY 782). We find that Commack did not discharge any obligation it might have had under the lease to hold Arena harmless by securing insurance coverage. The lease manifests a clear intent by the parties to have the insurance coverage available as protection for Arena separate from paragraph 12 thereof.

Moreover, several questions of fact, including whether Commack furnished proper equipment to plaintiff, require a trial (CPLR 3212 [b]; *see, Rotuba Extruders v Ceppos,* 46 NY2d 223). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.