■ DENTON LEASING CORP., Respondent, v BREEZY POINT SURF CLUB, INC., et al., Appellants.—In an action seeking indemnification for moneys paid pursuant to a settlement agreement entered into in an action to recover damages for personal injuries, (1) the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Pitaro, J.), dated May 29, 1984, as denied the motion of the defendant Breezy Point Surf Club, Inc. and the cross motion of the defendant Thomas Mulligan to dismiss the plaintiff's complaint, or, in the alternative, for summary judgment dismissing the plaintiff's complaint, and (2) the defendants separately appeal from so much

of an order of the same court, dated February 7, 1985, as, upon reargument, adhered to the original determination.

Ordered that the appeals from the order dated May 29, 1984, are dismissed, as that order was superseded by the order dated February 7, 1985, made upon reargument; and it is further,

Ordered that the order dated February 7, 1985, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff and the defendants in this action for indemnification were the named defendants in an action to recover damages for personal injuries sustained in an automobile accident, which was disposed of by a settlement agreement. In this action, the plaintiff seeks indemnification from the defendants for moneys paid pursuant to the settlement agreement.

Special Term properly denied the motion of the defendant Breezy Point Surf Club, Inc. (hereinafter Breezy Point) and the cross motion of the defendant Thomas Mulligan (hereinafter Mulligan) to dismiss the plaintiff's complaint, or, in the alternative, for summary judgment dismissing the plaintiff's complaint, as they have failed to meet their burden of demonstrating that no triable issues of fact exist *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795; *Blancob Constr. Corp. v 246 Beaumont Equity,* 23 AD2d 413). The plaintiff, as the owner of the automobile involved in the accident, is only statutorily liable under Vehicle and Traffic Law § 388, and a right of indemnification exists against the driver of the car (Mulligan) and his employer, the lessee of the car (Breezy Point), under a theory of respondeat superior *(see, Hertz Corp. v Dahill Moving & Stor. Co.,* 79 AD2d 589, *affd* 54 NY2d 619). The fact that the parties negotiated a settlement of the negligence action does not, in itself, impair their right to pursue claims for indemnification among themselves *(see, McDermott v City of New York,* 50 NY2d 211, *rearg denied* 50 NY2d 1059). Since a factual issue exists with respect to the negligence of the defendants, the court properly denied the motion.

Additionally, we reject the contention that the plaintiff's failure to cross-claim against the defendants in the underlying negligence action constituted a waiver of its right to bring an indemnification claim. The plaintiff's right to indemnification did not accrue until it suffered a loss by payment to the injured party in the underlying action pursuant to the settlement agreement *(see, McDermott v City of New York, supra,* at 217; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49,

54; *Musco v Conte,* 22 AD2d 121, 125-126). Furthermore, in the instant case, the parties' insurance carriers, the real parties in interest *(see, Compton v D'Amore,* 101 AD2d 800) agreed in writing that an indemnification action could be brought after settlement. A waiver is the intentional relinquishment of a known right *(see, Hadden v Consolidated Edison Co.,* 45 NY2d 466; *Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293). Clearly, under the facts of this case, we find neither the requisite intent necessary to apply the doctrine of waiver nor any prejudice to the defendants.

We have considered the defendants' remaining contentions, including their argument concerning the doctrine of estoppel against inconsistent positions *(see, Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591), and find them to be without merit under the particular circumstances of this case. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.