OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Defendant Amnodia Masara rented a car from ELRAC and signed a standard clause in the company’s rental agreement promising to indemnify ELRAC for any damage caused by her use of the vehicle. When she rented the car, Masara declined to purchase insurance from ELRAC that was offered for an
 
 *849
 
 added fee. In addition, the rental agreement did not permit Masara to allow anyone else to drive the car.
 

 While being driven by Masara’s father, Rafael Masara, the car was involved in an accident, causing property damage to three other vehicles. ELRAC settled the property damage claims, and brought this action seeking indemnification against the Masaras under the rental agreement. Supreme Court granted summary judgment to ELRAC and awarded indemnification, and the Appellate Division affirmed.
 

 As we recently held in
 
 ELRAC, Inc. v Ward
 
 (96 NY2d 58), section 370 of the Vehicle and Traffic Law requires rental car companies to obtain a minimum amount of insurance for their vehicles. That minimum insurance must “inure to the benefit” of any permissive users of the vehicles, including renters (Vehicle and Traffic Law § 370 [1] [b]). Moreover, self-insured rental companies like ELRAC are required to provide the same minimum coverage to their renters. We held in
 
 ELRAC, Inc. v Ward (supra,
 
 at 78) that a rental company may not enforce an indemnification agreement for amounts up to those minimum insurance coverage requirements; however, an indemnification clause, “if otherwise valid, is enforceable for amounts exceeding the statutory minimum liability requirements.”
 

 We reject defendants’ argument that Vehicle and Traffic Law § 370 prohibits ELRAC from enforcing the indemnification agreement in this case. Rafael Masara was not a permissive user of the rental car, since the rental agreement did not allow him to drive it. Accordingly, the insurance coverage required by section 370 did not inure to his benefit.
 

 Further, ELRAC seeks indemnification for property damage to the other vehicles. While section 370 requires that rental companies obtain a minimum amount of coverage for bodily injury and death, it requires only a “maximum” coverage of $10,000 for property damage
 
 (see,
 
 Vehicle and Traffic Law § 370 [1]; [1] [b]). As we stated
 
 in ELRAC, Inc. v Ward (supra,
 
 at 78), “since section 370 specifies no minimum insurance requirement for property damage, ELRAC may seek indemnification from its renters for property damage awards to the extent otherwise legally permissible.”
 

 We decline to adopt defendants’ argument that the word “maximum” in section 370 actually means “minimum.” The Legislature explicitly specified “minimum” coverage amounts for other types of injury, but not for property damage. Statutory language should generally be read in its “natural and obvious sense” (McKinney’s Cons Laws of NY, Book 1, Statutes
 
 *850
 
 § 232, at 392). While defendants’ reading, that the Legislature meant the term “maximum liability” to establish a minimum threshold for property damage coverage, might be consistent with the purpose of section 370, that reading is contrary to its plain language. “Maximum” and “minimum” are not arcane, complex or ambiguous words; rather, they are common words of everyday usage with clear meanings. Absent a compelling reason not demonstrated here, we will not read the word “maximum” in the statute to have the exact opposite of its plain meaning. If the Legislature wished to require a minimum amount of property damage coverage, it could easily have done so.
 

 Defendants’ remaining claims are without merit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.