MELVIN E. KAZMIERCZAK et al., Plaintiffs, v TOWN OF CLARENCE et al., Defendants. CLARENCE CENTRAL SCHOOL DISTRICT et al., Third-Party Plaintiffs-Respondents, v INDUSTRIAL POWER AND LIGHTING CORPORATION, Third-Party Defendant-Appellant. [738 NYS2d 472] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered July 19, 2001, which, inter alia, denied the cross motion of third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of third-party defendant, Industrial Power and Lighting Corporation (IPL), Supreme Court properly denied its cross motion seeking summary judgment dismissing the amended third-party complaint. Plaintiffs commenced an action seeking damages for injuries sustained by Melvin E. Kazmierczak (plaintiff) when he fell from a ladder while performing electrical work in connection with a renovation project at Clarence Central High School. Defendants and third-party plaintiffs, Clarence Central School District and Clarence Board of Education (collectively, Clarence), then commenced this third-party action seeking, inter alia, contractual indemnification from IPL, plaintiff's employer, based on their contract with IPL for the electrical work. Contrary to the contention of IPL, the antisubrogation rule does not bar the third-party action. Because Clarence and IPL are insured by different carriers "for the risk covered herein * * *, the public policy considerations underlying the antisubrogation rule are inapplicable" (*McCreedy & Schreiber v 37 W. 46th St. Realty Corp.*, 228 AD2d 174, 174; *see, Dillion v Parade Mgt. Corp.*, 268 AD2d 554, 555-556).

IPL further contends that the third-party action is barred by contractual preindemnification because, pursuant to the contract, it purchased an insurance policy from Transcontinental Insurance Company (CNA) providing Clarence with coverage. We reject that contention. "The issue of whether the contractual requirement for an insurance policy should be construed as supplanting rather than supplementing a separate contractual requirement for indemnification is one of intent as manifested by the language in the contract" (*Mennis v Westchester County Playland Commn.*, 87 AD2d 862, 863, *lv dismissed* 57 NY2d 772; *see, Warren v Arena Assoc.*, 109 AD2d 738, 739; *see also, North Star Reins. Corp. v Continental Ins.*

*Co.*, 82 NY2d 281, 292 n 1). Here, the contractual language does not indicate that the requirement for insurance was intended to supplant Clarence's indemnification rights. Although IPL contends that Clarence waived their indemnification rights by accepting the CNA policy, the contract specifically provides that "[n]o action or failure to act by the Owner * * * or Contractor shall constitute a waiver of a right or duty afforded under the Contract * * * except as may be specifically agreed in writing," and IPL has produced no evidence of such a writing.

We reject IPL's contention that the third-party action is barred by the "other insurance" provisions of each insurance policy for reasons stated in the decision at Supreme Court (O'Donnell, J.) concerning that issue. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.