■ JASON J. DUNN, Plaintiff, v PAUL C. HURTT et al., Defendants, MARITA CAR RENTAL, INC., Doing Business as BUDGET RENT A CAR CORPORATION, Doing Business as BUDGET RENT A CAR OF BUFFALO, Respondent, and MOORE & MUNGER, INC., Appellant. (Action No. 1.) JAMES P. DUNN et al., Plaintiffs, v MARITA CAR RENTAL, INC., Doing Business as BUDGET RENT A CAR CORPORATION, Doing Business as BUDGET RENT A CAR OF BUFFALO, et al., Respondents, and MOORE & MUNGER, INC., Appellant, et al., Defendants. (Action No. 2.) [771 NYS2d 467]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered January 9, 2003. The order granted the motion of defendants Marita Car Rental, Inc., doing business as Budget Rent A Car Corporation, doing business as Budget Rent A Car of Buffalo, and Marita Car Rentals Fleet, Inc. for an order of conditional indemnification against defendants Paul S. Veillette and Moore & Munger, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: In these consolidated personal injury actions, defendant Moore & Munger, Inc. (Moore & Munger) appeals from an order granting the motion of defendants Marita Car Rental, Inc., doing business as Budget Rent A Car Corporation, doing business as Budget Rent A Car of Buffalo, and Marita Car Rentals Fleet, Inc. (Marita), for entry of a conditional order on Marita's cross claims for common-law indemnification against defendant Paul S. Veillette and his employer, Moore & Munger.

By that order, Supreme Court required Veillette and Moore & Munger to indemnify Marita for any accident-related payments that Marita must make to plaintiffs in excess of $25,000 per person and $50,000 per occurrence, the minimum coverage required by statute (hereinafter, $50,000). Plaintiffs were injured when their vehicle collided with a vehicle driven by Veillette in the course of his employment, which vehicle had been rented by Veillette from Marita.

Contrary to the contention of Moore & Munger, there is a legal basis for Marita, as owner of the vehicle, to interpose cross claims directly against Moore & Munger seeking common-law indemnification from it as the employer of the tortfeasor-driver (*see Dairylea Coop. v Rossal,* 64 NY2d 1, 8 [1984]; *Hertz Corp. v Dahill Moving & Stor. Co.,* 79 AD2d 589 [1980], *affd* 54 NY2d 619 [1981]; *Denton Leasing Corp. v Breezy Point Surf Club,* 133 AD2d 95, 96 [1987]; *Interstate Motor Frgt. Sys. v Michigan Mut. Liab. Co.,* 87 AD2d 715 [1982], *lv denied* 57 NY2d 602 [1982]; *see also Morris v Snappy Car Rental,* 189 AD2d 115, 121 [1993], *affd* 84 NY2d 21 [1994]).

Contrary to Moore & Munger's further contention, the court properly granted Marita's motion for a conditional order of indemnification. Given the express limitation of insurance coverage in the rental agreement to the amount of $50,000 and the express requirement therein that Veillette indemnify Marita for liabilities in excess of $50,000, Veillette lacks any coverage under Marita's insurance policies beyond $50,000. Consequently, the antisubrogation rule does not preclude Marita from obtaining indemnification from Veillette for liabilities in excess of $50,000 (*see generally North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294-295 [1993]; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 470-472 [1986]). We see no basis for refusing to enforce the express terms of the rental agreement, and there is no basis for invalidating the $50,000 limitation on insurance coverage by the rental company (*see ELRAC, Inc. v Masara,* 96 NY2d 847, 849 [2001]; *ELRAC, Inc. v Ward,* 96 NY2d 58, 73-74 [2001], *rearg denied* 96 NY2d 855 [2001]). Nor is there any question concerning the validity of the requirement that Veillette indemnify the rental company for liabilities in excess of $50,000 (*see Masara,* 96 NY2d at 849; *Ward,* 96 NY2d at 77-78). Under the circumstances, the antisubrogation rule precludes Marita from obtaining indemnification from Veillette and Moore & Munger only to the extent of the $50,000 coverage mandated by statute and actually provided by Marita to Veillette pursuant to the rental agreement (*see Ward,* 96 NY2d at 77). However, "antisubrogation principles do not bar [Marita]

from seeking indemnification for amounts exceeding'' $50,000 (*id.* at 78). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.