**Panayiota MALLOURIS and Nico Mallouris, Plaintiffs,**

**JAMA, Ltd., Defendant–Cross–Claimant–Appellant,**

v.

**RE SPEC CORP., doing business as Jackson Hole Restaurant, Defendant–Cross–Defendant–Appellee,**

**D.B. Kalogeras and George Kalogeras, Defendants–Cross–Claimant.**

**No. 04–0259.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2004.

Brian W. McElhenny, Curtis, Vasile, Devine & McElhenny, Merrick, New York, for Defendant–Cross–Claimant–Appellant.

Daniel Gerber (Richard J. Cohen, on the brief), Goldberg Segalla, Buffalo, New York, for Defendant–Cross–Defendant–Appellee.

Present: CARDAMONE, McLAUGHLIN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking *de novo* review of the district court judgment denying the cross-claim for indemnity, we now reverse.[1]

In a number of cases involving claims for common law indemnification on facts quite similar to those presented here, New York State courts have regularly distinguished between the vicarious liability imposed on a vehicle owner under § 388 of New York's Vehicle and Traffic Law and the vicarious liability imposed on an employer under the doctrine of *respondeat superior*. See *Traub v. Dinzler*, 309 N.Y. 395, 401, 131 N.E.2d 564 (1955). The former stems from "the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant," *Continental Auto Lease Corp. v. Campbell*, 19 N.Y.2d 350, 352, 280 N.Y.S.2d 123, 227 N.E.2d 28 (1967), while the latter stems from something more—from negligence, fault, or at least responsibility of the employer for an employee's actions while performing the employer's work. See *Roberts v. Gagnon*, 1 A.D.2d 297, 300, 149 N.Y.S.2d 743 (3rd Dept.1956). New York courts have long maintained this distinction, and have expressed renewed faith therein as recently as 2004. See *Traub*, 309 N.Y. 395, 131 N.E.2d 564; *Dunn v. Hurtt*, 4 A.D.3d 884, 771 N.Y.S.2d 467 (4th Dept.2004).

---

1. This Court has considered a potential jurisdictional impediment arising from the fact that the plaintiff's negligence claim settled before trial, leaving this cross-claim to be heard under the district court's ancillary jurisdiction. The district court did not err in exercising jurisdiction over the cross-claim. The statute in question, 28 U.S.C. 1367, clearly indicates that the jurisdictional decision is a matter of judicial discretion. 28 U.S.C. 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction"); *see Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70, 72–73 (2d Cir. 1982). No abuse of that discretion is apparent here.

In our view, *Traub v. Dinzler*, decided in 1955, is controlling here. 309 N.Y. 395, 131 N.E.2d 564. *Traub*'s facts are eerily similar to those before us. In *Traub*, Dinzler owned a vehicle that he loaned to Victoria Television Corp. ("Victoria"). Victoria's employee injured plaintiff while driving Dinzler's vehicle. *Id.* at 398, 131 N.E.2d 564. Dinzler, as owner of the vehicle, was vicariously liable for plaintiff's injuries and impleaded Victoria and its employee for common law indemnification. *Id.* at 400, 131 N.E.2d 564. The New York court noted that

> [t]his is a proper case for impleader. In *Gorham v. Arons* (282 App. Div. 147, 121 N.Y.S.2d 669, affd. 306 N.Y. 782, 118 N.E.2d 600), this court held that where liability is statutory and predicated on the ownership of a motor vehicle ..., if the negligence of the owner was passive, the owner is entitled to recover over against the actively negligent employee driver and his employer.

309 N.Y. at 401.

Traub's reliance on *Gorham* is telling. The Appellate Division in *Gorham* indicated that

> [u]ndoubtedly ... the lessor would be entitled to judgment over against the lessee for any liability that lessor might have sustained as owner of the truck but arising from the active negligence of lessee or its agents and employees. In this case, it would have been the active negligence of lessee's driver in the operation of the vehicle. Since lessor's negligence was passive, and arose constructively and solely by statute because of its registered ownership of the vehicle, it could have recovered judgment over against lessee.

*Gorham v. Arons*, 282 A.D. 147, 149, 121 N.Y.S.2d 669 (1st Dept.1953).

Although *Traub* marks the last time the Court of Appeals weighed in on the issue, the New York appellate divisions have invoked common law indemnification in similar circumstances. In 1980, the First Department decided *Hertz Corp. v. Dahill Moving and Storage Co., Inc.* 79 A.D.2d 589, 434 N.Y.S.2d 386 (1st Dept.1980). In that case, Hertz leased a truck to Dahill Moving and Storage Company ("Dahill") and Dahill's driver negligently killed a pedestrian with the truck while in the scope of employment. *Id.* at 589, 434 N.Y.S.2d 386. Hertz settled with the pedestrian's estate and then sought indemnification from Dahill. *Id.* The court held that

> Dahill, through its agent, the operator of the truck, was the primary and active tort feasor. Its responsibility for the acts of the truck driver arose by application of the doctrine of *respondeat superior*, under common-law principles. As the primary and active tort-feasor, it is liable in indemnity to Hertz.

*Id.* at 590, 434 N.Y.S.2d 386.

In 1987, the Second Department decided *Denton Leasing Corp. v. Breezy Point Surf Club, Inc.* 133 A.D.2d 95, 518 N.Y.S.2d 634 (2nd Dept.1987). *Denton*'s facts are substantially the same as those before us. *See id.* at 96, 518 N.Y.S.2d 634. In *Denton*, the appellate division noted that "the owner of the automobile involved in the accident[ ] is only statutorily liable under Vehicle and Traffic Law § 388, and a right of indemnification exists against the driver of the car ... and his employer, the lessee of the car ..., under a theory of *respondeat superior*." *Id.* (citing *Hertz*, 79 A.D.2d 589, 434 N.Y.S.2d 386).

Re Spec makes much of the one factual difference between *Denton* and the case before us; in *Denton*, the employer was also the lessee of the vehicle. *Denton* makes clear that this was not a determinative factor in the decision. The Appellate Division in *Denton* was careful to note that the right to indemnification by the vehicle's owner against the employer arose

from the employer's liability for the acts of his employee under *respondeat superior.* *Id.* Thus, that the employer was also the lessee in *Denton* was irrelevant.

Just recently the Fourth Department decided a case in which the employer was not the lessee. *See Dunn v. Hurtt,* 4 A.D.3d 884, 771 N.Y.S.2d 467 (4th Dept. 2004). *Dunn* involved a situation extremely similar to that before us and, citing *Hertz, Denton,* and others, upheld a lower court decision of common law indemnification. In *Dunn,* Veillette rented a car from Marita while Veillette was on business for his employer, Moore & Munger. *Id.* at 885, 771 N.Y.S.2d 467. While acting in the scope of his employment and driving the Marita vehicle, Veillette was involved in an accident with plaintiff. *Id.* Marita successfully sought a conditional[2] order of common law indemnification. *Id.* On interlocutory appeal, the Appellate Division unanimously affirmed, *id.* at 884, 771 N.Y.S.2d 467, stating that "[c]ontrary to the contention of Moore & Munger, there is a legal basis for Marita, as owner of the vehicle, to interpose cross claims directly against Moore & Munger seeking common-law indemnification from it as the employer of the tortfeasor-driver," *id.* at 885, 771 N.Y.S.2d 467. Because the employer was not the lessee in *Dunn,* Re Spec is left only to argue that *Dunn* turned on the fact that the employee rented the vehicle on behalf of his employer. Yet the opinion in *Dunn* belies this result, leaving us only to conclude that which we have observed above: whether the employer is also the lessee is not determinative, and indemnification is due.

Jama, as a vehicle owner vicariously liable under § 388 of the New York Vehicle and Traffic Law, is entitled to complete indemnity from Re Spec, as the employer of the negligent tortfeasor.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby REVERSED. We REMAND for further proceedings not inconsistent with this order.

---

2. The order was conditioned on imposition of liability on Marita. As of the time of interlocutory appeal from the lower court's conditional order of indemnification, Marita's liability apparently had not yet been determined. *See id.*