■ KAYE 1969 ASSOCIATES, on Behalf of Itself and All Other Limited Partners of Twin Towers Associates, et al., Respondents, v WALTER A. LESE et al., Appellants.—Order, Supreme Court, New York County, entered January 26, 1979, denying defendants' motion for leave to amend their answer to add the affirmative defense of release, reversed, on the law, the facts, and in the exercise of discretion, and the motion granted, without costs or disbursements. The plaintiffs are limited partnerships which entered into transactions in reliance upon financial statements of Realty Equities Corporation (REC) and its subsidiaries, which had been audited and independently certified by the defendant accounting firm. The financial statements indicated that REC had sufficient net worth to perform its agreements. In fact, REC did not have sufficient net worth to meet its obligations and breached its agreements. Plaintiffs claim that they entered into the transactions in reliance on the defendants' allegedly negligent certification and brought this suit to recover their damage. During the course of dealing among REC and the limited partnerships, certain releases had been signed. In addition, a letter reserving the right to sue any parties not specifically named in the releases was also signed. The defendants were not named in the releases. The date on all of the documents read "as of January 31, 1972." Plaintiffs commenced this action in July, 1972 and issue was joined by service of an answer in August, 1972. The answer included several affirmative defenses, but not the defense of release. Discovery

proceedings revealed evidence that the releases may actually have been signed sometime earlier than the reservation-of-rights letter. Defendants moved at Special Term to amend their answer to include the affirmative defense of release. Special Term denied the motion, and we would reverse. The law in the State of New York before September 1, 1972 was that a general release of one tort-feasor without a specific reservation of rights released all joint tort-feasors. The enactment of section 15-108 of the General Obligations Law obviated the requirement of a specific reservation of rights; however, the statute has been held not to apply retroactively (*Oliver v Washburn,* 46 AD2d 977, affd 39 NY2d 989). Furthermore, the facts in this case lead to the conclusion that the defendants and REC, the corporation whose statements the defendants reviewed, were joint tort-feasors. Though the wrongs of each party were not committed at the same time, it was only the coalescing of these wrongs (i.e., the allegedly false financial statement of the corporation being subsequently approved by the defendants) which gave rise to plaintiffs' damage (see *Milks v McIver,* 264 NY 267, 269; *Malvica v Blumenfeld,* 28 NY2d 851; *Berlow v New York State Thruway Auth.,* 29 NY2d 949). Since the defendants should be considered as joint tort-feasors with REC, and since the releases signed may not have been subject to the reservation-of-rights letter which was signed, sufficient merit has been shown to allow the defendants to amend their pleadings to include the defense of release (*East Asiatic Co. v Corash,* 34 AD2d 432). Our granting of defendants' motion is in no way intended to reflect upon our view of the underlying merits of the case. Concur—Kupferman, J. P., Sandler, Sullivan and Lane, JJ.

Lupiano, J., dissents in a memorandum as follows: Lupiano, J. (dissenting). I would affirm the order denying defendants' motion to amend their answer to add the affirmative defense of release for the reasons stated by Special Term, except insofar as Special Term opined that the defendants demonstrated sufficient proof to raise a factual issue concerning the scope of the releases. In my view, considering the undisputed facts presented by this record as a whole impels the conclusion that, as a matter of law, the releases were nongeneral.