■ S. E. McDaniel et al., Appellants, v Rick Gordon et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jordan, J.), dated January 12, 1983, which, after a hearing, dismissed plaintiffs' complaint on the ground that the action was barred by a valid release. Judgment reversed, with costs, and complaint reinstated. On February 22, 1979, an automobile driven by defendant Rick Gordon and owned by defendant Max Schissel hit plaintiff S. E. McDaniel, a pedestrian, and also caused plaintiff Kathleen McDaniel to fall. After various meetings, defendant Gordon agreed to pay plaintiffs $350 for two weeks' lost wages. Before paying the money, however, defendant Gordon gave plaintiffs a paper to sign which plaintiffs contended was a receipt for the $350 but which defendant Gordon contended was a general release of liability of defendants. The document, a standard "Blumberg" form release, reads, in pertinent part, as follows: "KNOW YE, That Mr. & Mrs. S.E. McDaniel, Jr. for and in consideration of the sum of THREE HUNDRED & FIFTY dollars ($350.00) * * * to Mr. & Mrs. S.E. McDaniel in hand paid by Richard Gordon the receipt whereof is hereby acknowledged, have remised, released, and forever discharged and by these presents do for [blank] heirs, executors and administrators and assigns, remise, release and forever discharge the said [blank] heirs, executors, administrators * * * from all

manner of actions, causes of action, suits * * * in law * * * or in equity, which against [blank] ever had * * * or which [blank] heirs, executors, or administrators, hereafter can, shall or may have". The purported release was signed by both plaintiffs, S. E. and Kathleen McDaniel. After conducting a hearing outside the presence of the jury with regard to the validity of the purported general release, Trial Term concluded that plaintiffs' complaint should be dismissed since the general release was tendered at arm's length and the parties knew what they were doing. Thus, it concluded, the release was valid and binding, and, as a matter of law, plaintiffs no longer had causes of action against defendants. We reverse. Subdivision (a) of section 15-108 of the General Obligations Law states, in pertinent part, that "[w]hen a release * * * is given to one of two or more persons liable or claimed to be liable in tort for the same injury * * * it does not discharge any of the other tortfeasors from liability for the injury * * * unless its terms expressly so provide" (see, also, *Riviello v Waldron,* 47 NY2d 297, 307; *Kaye 1969 Assoc. v Lese,* 72 AD2d 728; *Lehrl v Hudson Tr. Lines,* 76 Misc 2d 625; *Sage v Hale,* 75 Misc 2d 256). Since the document in question makes no mention of defendant Schissel, it does not release him, as the owner of the automobile, from liability for injuries resulting from the negligence of any person operating that automobile with his permission (Vehicle and Traffic Law, § 388; see *Plath v Justus,* 28 NY2d 16). Furthermore, in light of the plaintiffs' contention that they were merely signing a receipt, a factual question was raised as to the validity of any purported release of defendant Gordon. Trial Term erroneously concluded that the question of the validity of the release of Gordon was one of law, when, in fact, it should have been submitted to the jury for determination. Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur.