■ Mohammed Tufail, Respondent, v George Hionas, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered May 31, 1988, which denied his motion to dismiss the complaint.

Ordered that the order is modified by adding thereto a provision dismissing the defendant's second defense; as so modified, the order is affirmed, with costs to the plaintiff.

It is undisputed that the plaintiff sustained injury while a passenger in a vehicle which was driven by the defendant with the consent of the owner and which collided with a tree. In exchange for $10,000 paid by the owner's insurer, the plaintiff executed a standard "Blumberg" form release *(see, McDaniel v Gordon,* 99 AD2d 826) in favor of the owner. The release did not mention the defendant. The plaintiff thereafter commenced this action against the defendant. The defendant's answer asserted, *inter alia,* that the release in favor of the owner constituted a bar to this action against him. Approximately two years later, the defendant, without reference to

any procedural statute, moved to dismiss the action on that ground. The defendant appeals from the order denying his motion.

It is well settled that, because of the enactment of General Obligations Law § 15-108 (see, L 1972, ch 830), a release given to one tort-feasor no longer operates to discharge any other tort-feasor liable for the same injury unless the terms of the release "expressly so provide[s]" (General Obligations Law § 15-108 [a]; see, e.g., *Wells v Shearson Lehman/American Express,* 72 NY2d 11). This is so whether the tort-feasors are joint, successive or vicarious (see, *Hill v St. Clare's Hosp.,* 67 NY2d 72, 83; cf., *Riviello v Waldron,* 47 NY2d 297, 307; *Ott v Barash,* 109 AD2d 254, 261-262; *McDaniel v Gordon,* 99 AD2d 826, supra).

The Supreme Court correctly denied the defendant's motion (see, General Obligations Law § 15-108 [a]). However, since issue has long since been joined, the Supreme Court should not have deemed the defendant's unlabeled motion to be one made pursuant to CPLR 3211 (a) (5) but should have rather treated the motion as one for summary judgment pursuant to CPLR 3212 (see, *Rich v Lefkovits,* 56 NY2d 276; *Connell v Hayden,* 83 AD2d 30, 32). Moreover, since the validity of the release is not at issue and since there is no language in it which could properly be construed as an expression of intent that the release also apply to the defendant (cf., *Wells v Shearson Lehman/American Express, supra),* it was not necessary for the Supreme Court to give notice that the defendant's motion would be given summary judgment treatment (see, *O'Hara v Del Bello,* 47 NY2d 363, 367-368; *Rich v Lefkovits, supra,* at 283). In addition to denying the defendant's motion, the Supreme Court should have dismissed the meritless defense underlying it (see, CPLR 3212 [b]). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.