■ ROBERT SERRANO, Individually and as Administrator of the Estate of SYLVIA T. SERRANO, Deceased, Respondent, v EUGENE J. DONOHUE et al., Defendants, and CHEMLEASE WORLDWIDE, INC., et al., Appellants. [633 NYS2d 360] —In an ac-

tion to recover damages for, *inter alia,* wrongful death, the defendants Chemlease Worldwide, Inc., and World Omni Financial Corp. a/k/a World Omni Leasing Corp. appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 6, 1994, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

Subdivision (a) of section 15-108 of the General Obligations Law states, in pertinent part, that "[w]hen a release * * * is given to one of two or more persons liable or claimed to be liable in tort for the same injury * * * it does not discharge any of the other tortfeasors from liability for the injury * * * unless its terms expressly so provide". In this case, which arises out of an automobile accident, the plaintiff executed a release which was given to the driver of the subject vehicle in consideration of a $250,000 settlement amount paid to the plaintiffs by the driver's insurer. Significantly, that release contained no provision for the release of the appellants, who are the owners of the subject vehicle and had leased the vehicle to the driver. Accordingly, since the release does not expressly provide for the release of the appellants, they remain liable for injuries resulting from the negligence of any person operating their automobile with their permission *(see, McDaniel v Gordon,* 99 AD2d 826; *see also,* Vehicle and Traffic Law § 388). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.