■ WAYNE TULLEY, Plaintiff, v ERWIN N. STRAUS, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. JOYCE-

LYN COOPER et al., Third-Party Defendants-Respondents. [696 NYS2d 503] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered December 28, 1998, which (1) denied his motion for leave to enter a judgment against the third-party defendants upon their default in appearing or answering, (2), in effect, granted the third-party defendants' application to restore their motion to dismiss the third-party complaint to the calendar, and (3) granted the third-party defendants' motion to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the third-party defendants' motion to dismiss the third-party complaint and substituting therefor a provision granting that branch of the motion which was to dismiss the third-party complaint insofar as it is asserted against the third-party defendant Joycelyn Cooper, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, the third-party complaint insofar as asserted against the third-party defendant Harold Smith is severed, and the time of the third-party defendant Harold Smith to serve an answer to the third-party complaint is extended until 10 days after the service upon him of a copy of this decision and order, with notice of entry.

This action arose out of an automobile accident involving a vehicle owned and operated by the defendant third-party plaintiff, Erwin Straus, and a vehicle owned by the third-party defendant Joycelyn Cooper and operated by the third-party defendant Harold Smith. The plaintiff, Wayne Tulley, was a passenger in the Cooper vehicle. In May 1996 Tulley commenced an action against Straus, Cooper, and Smith, and Straus subsequently commenced a separate action against Cooper. In December 1996 in exchange for $20,000, Straus released Cooper from all "actions, causes of action, suits * * * controversies * * * damages, judgments * * * claims, and demands whatsoever, in law * * * or equity". Straus commenced the instant third-party action against Cooper and Smith in September 1997.

Prior to serving an answer, Cooper and Smith moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5) based on the release. However, the motion was marked off the calendar when their attorney failed to appear. Straus then moved for leave to enter a judgment against Cooper and Smith due to their failure to appear or to answer the complaint. In their papers submitted in opposition to the motion, Cooper and

Smith made an application to restore to the calendar their motion to dismiss, claiming excusable default and a meritorious defense. The Supreme Court denied Straus' motion, granted the application by Cooper and Smith to restore their motion to the calendar, granted their motion, and dismissed the third-party complaint.

The Supreme Court did not err in granting the application made by Cooper and Smith to restore their motion to dismiss to the calendar, even though they failed to serve a notice of cross motion (*see, Catania v Lippman,* 98 AD2d 826; CPLR 2215).

We agree with the Supreme Court that the release signed by Straus encompasses the contribution claim that he interposed in the third-party complaint against Cooper (*see, Touloumis v Chalem,* 156 AD2d 230, 232; *see also, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616). Contrary to Straus' claim, the decision in *Tarantola v Williams* (48 AD2d 552), does not control this case because, at the time that Straus signed the release, he knew that Tulley had already commenced this action against him, Cooper, and Smith. Furthermore, Straus cannot seek common-law indemnification from Cooper in the third-party complaint because Straus participated to some degree in the accident, and his liability is not purely vicarious (*see, Kagan v Jacobs,* 260 AD2d 442). Accordingly, the third-party complaint was properly dismissed insofar as asserted against Cooper.

Nonetheless, because the release does not extend to Smith, it was error to dismiss Straus' third-party complaint insofar as asserted against him (*see, Serrano v Donohue,* 221 AD2d 330; *Tufail v Hionas,* 156 AD2d 670; *McDaniel v Gordon,* 99 AD2d 826).

Since the motion to dismiss the third-party complaint was restored to the calendar, that branch of Straus' motion which was for leave to enter a default judgment based on Smith's failure to answer was properly denied, and Smith has 10 days after the service upon him of a copy of this order with notice of entry to serve an answer (*see,* CPLR 3211 [f]). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.