■ GLENN T. BRADT et al., Plaintiffs, v DOUGLAS J. LUSTIG, as Trustee in Bankruptcy of the Estate of METRO AIRLINES, et al., Defendants, and BUSINESS EXPRESS, INC., Defendant and Third-Party Plaintiff-Appellant. DENNY's BUILDING CONTRACTORS, INC., Third-Party Defendant-Respondent. [721 NYS2d 114] —Mercure, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered June 5, 2000 in Albany County, which, *inter alia*, granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

In December 1996, plaintiff Glenn T. Bradt (hereinafter plaintiff), an employee of third-party defendant, Denny's Building Contractors, Inc. (hereinafter Dennys), was injured at a construction site at the Albany County Airport in the Town of Colonie, Albany County. Defendant Albany County Airport Authority leased a large cargo hangar to defendant Business Express, Inc. (hereinafter BEX), which subsequently contracted

with Dennys to construct offices inside an open area of the hangar.

On the day of the accident, Robert Morrison, Dennys' supervisor on the worksite, instructed Kevin Schell to remove bails of unused insulation from the top of a newly constructed office room by tossing them down to the floor of the hangar, some 10 feet below. As Schell threw one of the bails over the edge, plaintiff unwittingly passed below and was struck by the falling insulation, causing plaintiff to sustain head trauma and spinal cord injury. The undisputed facts reveal that plaintiff became immediately paralyzed when his spinal cord swelled from the trauma, but sensation was restored to his limbs within the hour following the accident, and after six hours plaintiff experienced only mild numbness in his lower extremities. Plaintiff's condition subsequently improved to the point that all of his limbs now function well enough to permit him to walk and drive.

Plaintiff and his wife commenced this action in September 1997 asserting, as relevant to this appeal, claims under Labor Law § 240 (1) and § 241 (6). BEX subsequently asserted third-party claims for contribution or indemnification against Dennys.* Following discovery, BEX moved and Dennys cross-moved for summary judgment in the third-party action. Supreme Court denied the motion, granted the cross motion and dismissed the third-party complaint. BEX appeals.

We affirm. Initially, it is undisputed that dismissal of BEX's contribution claim is required by the provision of General Obligations Law § 15-108 (c) that a "tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person" (see, McDermott v City of New York, 50 NY2d 211, 219-220). Further, although BEX's claims for indemnity were not extinguished by the settlement (see, Rosado v Proctor & Schwartz, 66 NY2d 21, 24-25; Mc-Dermott v City of New York, supra, at 220; Grovenger v Laboratory Procedures, 132 AD2d 289, 291; Spector v K-Mart Corp., 99 AD2d 605), we agree with Supreme Court's determination to dismiss the third-party complaint upon the ground that plaintiff's temporary paralysis did not constitute a grave injury within the purview of Workers' Compensation Law § 11.

In attempting to demonstrate the presence of a grave injury, BEX provided an affidavit from a neurosurgeon, Paul Spurgas, who opined that paralysis "can be transient (non-permanent)

---

* Plaintiffs and defendants settled the underlying claims during the pendency of this appeal, so only the third-party action between BEX and Dennys remains.

in nature," which, BEX admits, is precisely what occurred to plaintiff in this case when the immediate trauma caused his spinal cord to swell. Although Workers' Compensation Law § 11 lists "paraplegia or quadriplegia" as conditions falling within the "statutorily defined threshold for catastrophic injuries" (*Kerr v Black Clawson Co.*, 241 AD2d 686, *lv dismissed* 91 NY2d 867), we conclude that the paralysis contemplated by the Legislature is limited to permanent paraplegia or quadriplegia (*see, Ibarra v Equipment Control*, 268 AD2d 13, 18, citing Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 11, 2000 Pocket Part, at 46-47). Accordingly, plaintiff's brief bout of paralysis does not constitute a grave injury.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

