■ LUCERO TAMAYO, Respondent, v FORD MOTOR TITLING TRUST, Appellant, et al., Defendant. [726 NYS2d 709] —In an action to recover damages for personal injuries, the defendant Ford Motor Titling Trust appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated September 7, 2000, which granted the plaintiff's motion to strike its sixth affirmative defense and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff was a passenger in a motor vehicle driven by the defendant Maria Aya when the vehicle was involved in an accident. The plaintiff commenced an action against the defendant Aya, and that action was settled for $100,000 in exchange for a release executed by the plaintiff. The release covered the defendant Aya, as well as "all other persons, firms or corporations liable or, who might be claimed to be liable." The release further provided that it was executed "for the express purpose of precluding forever any other or additional claims arising out of the aforesaid accident." After the release was executed, the plaintiff commenced the instant action naming the appellant as the owner of the vehicle. The appellant asserted as its sixth affirmative defense that the plaintiff released it from all liability arising out of the allegations in the complaint.

General Obligations Law § 15-108 (a) states, in pertinent part, that "[w]hen a release * * * is given to one of two or more persons liable or claimed to be liable in tort for the same injury * * * it does not discharge any of the other tortfeasors from liability for the injury * * * unless its terms expressly so provide." The statute does not demand that every discharged

party be specifically named or identified (*see, Wells v Shearson Lehman / Am. Express,* 72 NY2d 11, 21-22). Here, contrary to the conclusion reached by the Supreme Court, we find that the language of the release was intended to expressly provide for the release of the appellant as the owner of the vehicle. Thus, it was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see, Wells v Shearson Lehman / Am. Express, supra*; *cf., Serrano v Donohue,* 221 AD2d 330; *Tufail v Hionas,* 156 AD2d 670). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.