■ ELVIN VINCENTY, Respondent, v CINCINNATI INCORPORATED, Respondent, and ABCO FIRE DOOR COMPANY, INC., Appellant, et al., Defendant. CINCINNATI INCORPORATED, Third-Party Plaintiff-Respondent, v ABCO DOOR INDUSTRIES, INC., Third-Party Defendant-Appellant-Respondent. [788 NYS2d 92]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered August 2, 2004, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint and cross claims against it, only insofar as to dismiss defendant Cincinnati Incorporated's cross claim on procedural grounds, unanimously modified, on the law, to grant the motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff's pinky and ring fingers, although completely amputated in the underlying workplace accident, were shortly after the accident surgically reattached so that plaintiff regained their use, at least partially. Accordingly, because the fingers and their use were not permanently and totally lost, plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Castro v United Container Mach. Group, Inc.*, 96 NY2d 398, 401 [2001]; *Bradt v Lustig*, 280 AD2d 739, 741 [2001], *appeal dismissed* 96 NY2d 823 [2001]; Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 11, 2004 Pocket Part, at 80). In the absence of a "grave injury," neither the third-party complaint nor the purported cross claim against plaintiff's employer was viable. Concur—Mazzarelli, J.P., Marlow, Ellerin, Gonzalez and Catterson, JJ.