■ GENEESE WHITE, Appellant, v LAIDLAW TRANSIT, INC., Respondent. [796 NYS2d 466]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 25, 2004. The order granted defendant's motion to dismiss the complaint and denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was allegedly injured while on a bus owned by defendant when the driver closed the door on plaintiff's arm and shoulder. Plaintiff thereafter settled with defendant's insurance company. As part of that settlement, plaintiff signed a release discharging the bus driver and "all other persons, firms or corporations who are or might be liable from any and all claims" that arise out of the accident. Several days after the settlement check cleared, plaintiff commenced this personal injury action. We reject the contention of plaintiff that General Obligations Law § 15-108 (a) prohibits the discharge of defendant unless it is specifically named in the release. "Neither the language nor the legislative history of the statute supports plaintiff's contention that a release of one joint tortfeasor cannot unambiguously discharge other parties unless named or specifically identified in it" (*Wells v Shearson Lehman/*

*American Express,* 72 NY2d 11, 21 [1988], *rearg denied* 72 NY2d 953 [1988]). Defendant was within the class of people discharged by the release (*see Tamayo v Ford Motor Titling Trust,* 284 AD2d 529 [2001]), and thus Supreme Court properly granted defendant's motion to dismiss the complaint.

The brief filed by plaintiff does not address the issues raised in her motion for partial summary judgment on liability, and thus we deem those issues abandoned (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.