■ Josephine Morales, Respondent, v Theresa Rotino et al., Defendants, and Ford Motor Credit Company, Appellant. [812 NYS2d 582]—

In an action to recover damages for personal injuries, the defendant Ford Motor Credit Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated September 29, 2005, as, upon converting that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it on the ground that the action cannot be maintained because of release and settlement pursuant to CPLR 3211 (c) into one for summary judgment, denied that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

On September 12, 2002 the plaintiff was struck by an automobile driven by the defendant Theresa Rotino. Rotino had leased the automobile from its titled owner, the appellant, Ford Motor Credit Company (hereinafter Ford). The plaintiff commenced this action against, among others, Rotino and Ford to recover damages for her injuries. She settled her action against Rotino for the sum of $100,000. The plaintiff executed and tendered to Rotino and her insurance carrier a general release which did not expressly name Ford as one of the released parties. The release covered Rotino as well as her "heirs, executors, administrators, successors and assigns." Promptly upon its receipt of a copy of the general release, Ford, inter alia, moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) on the basis that the action could no longer be maintained because it was covered under the release as an administrator and assignee of the driver in accordance with the lease.

General Obligations Law § 15-108 (a) provides in pertinent part that "[w]hen a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide." The statute does not require that every party to be released be specifically named or identified as long as the parties' intent is clear (see Wells v Shearson Lehman/American Express, 72 NY2d

11, 22-23 [1988]; *Tamayo v Ford Motor Titling Trust,* 284 AD2d 529, 530 [2001]).

The Supreme Court correctly observed that the words "administrators" and "assigns" when used in the context of "heirs, executors, administrators, successors and assigns" in the release plainly referred to an administrator of an estate and someone who may have stepped into Rotino's shoes in another capacity with respect to the plaintiff's action against her. There is simply no merit to Ford's contention that the words "administrators" and "assigns" as used in the release must be read in conjunction with the automobile lease between Rotino and Ford to which the plaintiff was not even a party. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (*id.*). Viewed in the context of the release, "administrators" and "assigns" does not include Ford. Accordingly, since the release does not expressly provide for Ford's release, Ford remains liable for injuries resulting from the negligence of any person operating its automobile with its permission (*see Serrano v Donohue,* 221 AD2d 330, 331 [1995]; *McDaniel v Gordon,* 99 AD2d 826 [1984]; *see also* Vehicle and Traffic Law § 388). Since Ford failed to establish its entitlement to judgment as a matter of law, the Supreme Court properly denied summary judgment to Ford regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.