■ Lisa Neville, Respondent, v 187 E. Main St., LLC, Appellant. [822 NYS2d 599]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Burke, J.), entered July 8, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff allegedly tripped on the entrance doorstep of a building owned by the defendant. At the time of the incident, the plaintiff worked for a physician who rented office space in the building. The plaintiff commenced this action alleging, inter alia, that the defendant negligently maintained the doorstep. The defendant moved for summary judgment dismissing the complaint on the grounds, inter alia, that the doorstep was open and obvious and not inherently dangerous, and that it neither created nor had notice of a dangerous condition. In denying the

motion, the Supreme Court relied on a ground not raised by either party, concluding that the defendant failed to establish its entitlement to summary judgment because it did not provide copies of leases with tenants in the building.

The Supreme Court erred in denying summary judgment dismissing the complaint solely on the ground that the defendant did not provide copies of the leases. The defendant did not assert that it was an out-of-possession landlord and it established its prima facie entitlement to judgment as a matter of law by tendering evidence that the doorstep was both open and obvious and not inherently dangerous (*see Pirie v Krasinski,* 18 AD3d 848, 849 [2005]; *Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the motion.

In light of our determination, we need not address the defendant's remaining contention. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.