SECOND DEPARTMENT, JULY, 2007

(July 10, 2007)

■ FRANK J. BAZZICALUPO, Respondent, v WINDING RIDGE HOME OWNER'S ASSOCIATION et al., Appellants-Respondents, and GINSBURG DEVELOPMENT, LLC, Respondent-Appellant. [838 NYS2d 444]—

416

In an action to recover damages for personal injuries, the defendants Winding Ridge Home Owner's Association, American Property Management Group, and Westchester Property Management Group, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 3, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Ginsburg Development, LLC, cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cross claim asserted against it by the defendants Winding Ridge Home Owner's Association, American Property Management Group, and Westchester Property Management Group, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants Winding Ridge Home Owner's Association, American Property Management Group, and Westchester Property Management Group, Inc., and one bill of costs to the defendants Winding Ridge Homeowner's Association, American Property Management Group, and Westchester Property Management Group, Inc., payable by the defendant Ginsburg Development, LLC.

The plaintiff allegedly sustained injuries when he fell into an open window well outside of his condominium unit while attempting to access a sprinkler control panel. The plaintiff sued the property managers, the defendants Winding Ridge Home Owner's Association, American Property Management Group, and Westchester Property Management Group, Inc. (collectively hereinafter the property managers), and the original builder, the defendant Ginsburg Development, LLC (hereinafter Ginsburg), alleging certain theories of negligence. The property managers and Ginsburg cross-claimed against each other for contribution and indemnification. The plaintiff eventually stipulated to a discontinuance against Ginsburg. Thereafter, the property managers moved for summary judgment dismissing the complaint and Ginsburg's cross claim insofar as asserted against them, and Ginsburg cross-moved, inter alia, for summary judgment dismissing the property managers' cross claim asserted against it. The property managers failed to establish

prima facie entitlement to summary judgment warranting the dismissal of the complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to Ginsburg's contention, the plaintiff's stipulation of discontinuance against Ginsburg did not preclude the property managers from seeking indemnification from it (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647 [1988]; *McDermott v City of New York*, 50 NY2d 211, 220 [1980]; *Sarmiento v Klar Realty Corp.*, 35 AD3d 834, 837 [2006]).

The property managers' and Ginsburg's remaining contentions are without merit. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.