■ TRICIA BARON, Plaintiff, v RICHARD J. GRANT, Respondent, and FIRST UNION AUTO FINANCE, INC., Appellant. [852 NYS2d 374]—

In an action to recover damages for personal injuries, the defendant First Union Auto Finance, Inc., appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated May 17, 2006, which denied its posttrial motion pursuant to CPLR 4404 (b) to vacate an order of the same court dismissing its cross claim for contractual and common-law indemnification against the defendant Richard J. Grant or, in the alternative, for a new trial on the issues of contractual and common-law indemnification.

Ordered that the order is reversed, on the law and the facts, with costs, the branch of the posttrial motion of the defendant First Union Auto Finance, Inc., which was to vacate the order dismissing the cross claim for contractual and common-law indemnification is granted, and the order dismissing the cross claim is vacated.

On September 5, 2001, as she was riding her bicycle home from work, the plaintiff Tricia Baron was hit by a vehicle driven by the defendant Richard J. Grant. The plaintiff commenced this personal injury action against Grant and the defendant First Union Auto Finance, Inc. (hereinafter First Union), which owned the vehicle Grant was leasing at the time of the accident. In its answer, First Union asserted a cross claim for contractual and common-law indemnification against Grant.

The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability against Grant and First Union. Grant thereafter settled with the plaintiff for the sum of $250,000. A trial on the issue of damages ensued, in which First Union failed to produce any witness to authenticate the vehicle lease. In the absence of any means by which to introduce the lease agreement into evidence, the court granted Grant's motion to dismiss First Union's cross claim for indemnification.

Following the jury verdict in favor of the plaintiff, First Union submitted a posttrial motion, without the required notice of motion, pursuant to CPLR 4404 (b) to vacate the order dismissing the cross claim for contractual and common-law indemnification or, in the alternative, for a new trial on the issues of contractual and common-law indemnification. An amended posttrial motion was submitted to supply the notice of motion omitted from the original filing. Grant opposed the motion both as untimely and in failing to establish First Union's right to contractual or common-law indemnification. The Supreme Court denied the motion as untimely and, in any event, found, on the merits, that First Union failed to produce any proof to support its cross claim for indemnification. We reverse.

Under the circumstances of this case, the Supreme Court should have considered the merits of First Union's posttrial motion. Although First Union failed initially to include a notice of motion therewith, all parties were timely noticed and not prejudiced, as the posttrial motion was fully briefed (*see Rodriguez v County of Rockland*, 43 AD3d 1026, 1028 [2007]; *Tulley v Straus*, 265 AD2d 399, 401 [1999]; *Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.*, 178 AD2d 871, 872 [1991]; *Catania v Lippman*, 98 AD2d 826, 826-827 [1983]; *cf. Hergerton v Hergerton*, 235 AD2d 395, 396-397 [1997]). In addition, First Union did not improperly raise the substance of its contentions for the first time in its reply papers, as the issue of its ownership was raised and addressed in the successful motion for summary judgment on liability against Grant and First Union.

On the merits, "[t]he principle of 'common law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party' " (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1077 [2007], quoting *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]; *see D'Ambrosio v City of New York*, 55 NY2d 454, 461-462 [1982]). "The party seeking indemnification 'must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought,' and must not have committed actual wrongdoing itself" (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d at 1077, quoting *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d at 80). As a general rule, the common law allows the owner of a vehicle to be indemnified by a negligent user, even absent an express indemnity agreement (*see Morris v Snappy Car Rental*, 84 NY2d 21, 29 [1994]; *Ciatto*

*v Lieberman*, 1 AD3d 553, 556 [2003]; *Denton Leasing Corp. v Breezy Point Surf Club*, 133 AD2d 95, 96 [1987]; *see also* Vehicle and Traffic Law § 388).

Here, First Union's ownership of the vehicle was established by the uncontradicted record before the court. In its order granting the plaintiff's motion for summary judgment on the issue of liability, the Supreme Court determined that the vehicle was owned by First Union, and this determination became the law of the case (*see Sterngass v Town Bd. of Town of Clarkstown*, 43 AD3d 1037 [2007]; *Marcus Dairy, Inc. v Jacene Realty Corp.*, 27 AD3d 427 [2006]). In addition, the court determined that Grant was negligent in his operation of the vehicle, and that his negligence was the sole proximate cause of the accident causing the plaintiff's injuries. There is no allegation or any evidence in the record suggesting that First Union was in any way affirmatively negligent. Rather, the allegations against First Union pertain solely to its ownership of the vehicle.

Accordingly, because the evidence established, and the Supreme Court previously determined, that First Union owned the vehicle driven by Grant which struck the plaintiff, and that Grant's negligence was the sole proximate cause of the accident, First Union was entitled to seek from Grant any damages it was required to pay to the plaintiff as a result of Grant's negligent operation of the vehicle, either under common-law indemnification (*see Ciatto v Lieberman*, 1 AD3d at 556; *Denton Leasing Corp. v Breezy Point Surf Club*, 133 AD2d at 96; *see also* Vehicle and Traffic Law § 388), or contractual indemnification (*see Morris v Snappy Car Rental*, 84 NY2d 21, 29 [1994]).

Moreover, First Union correctly asserts that Grant's settlement with the plaintiff did not preclude it from seeking common-law indemnification from Grant (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647 [1988]; *see also McDermott v City of New York*, 50 NY2d 211, 220 [1980]; *Sarmiento v Klar Realty Corp.*, 35 AD3d 834, 837 [2006]; *cf. Bazzicalupo v Winding Ridge Home Owner's Assn.*, 42 AD3d 415, 417 [2007]).

Thus, the Supreme Court erred in denying that branch of First Union's posttrial motion which was to vacate the order dismissing its cross claim for contractual and common-law indemnification. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.