■ BERNICE FUTTER, Appellant, v HEWLETT STATION YOGURT, INC., Defendant, and RINZLER FAMILY LIMITED PARTNERSHIP et al., Respondents. BERNICE FUTTER, Respondent, v HEWLETT STATION YOGURT, INC., Appellant, and RINZLER FAMILY LIMITED PARTNERSHIP et al., Respondents. [52 NYS3d 432]—

Appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 7, 2016. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Rinzler Family Limited Partnership and Dominion Management Co. which was for summary judgment dismissing the complaint insofar as asserted against them. Insofar as appealed from by the defendant Hewlett Station Yogurt, Inc., the order granted those branches of the motion of the defendants Rinzler Family Limited Partnership and Dominion Management Co. which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against those defendants, and denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant Hewlett Station Yogurt, Inc., from so much of the order as granted that branch of the motion of the defendants Rinzler Family Limited Partnership and Dominion Management Co. which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendant Hewlett Station Yogurt, Inc., is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Hewlett Station Yogurt, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as reviewed, with one bill of costs payable by the plaintiff to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she tripped and fell

over the threshold of an entrance door at premises leased by the defendant Hewlett Station Yogurt, Inc. (hereinafter HSY). The defendant Rinzler Family Limited Partnership (hereinafter Rinzler) owned the premises, and the defendant Dominion Management Co. (hereinafter Dominion) was the property manager. The plaintiff commenced this action to recover damages for personal injuries against HSY, Rinzler, and Dominion. After discovery, HSY moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rinzler and Dominion moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied HSY's motion, and granted Rinzler's and Dominion's motion.

"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619, 620 [2005]; *see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849, 850 [2007]). Here, the plaintiff alleged that the defectively designed threshold should have been modified, and not that it was defectively maintained. Pursuant to the subject lease, Rinzler retained control of the "outside entrance doors to the premises," was responsible for making changes to the subject threshold, and did not convey to HSY any rights in that part of the premises. Consequently, HSY demonstrated its prima facie entitlement to judgment as a matter of law by showing that it had no obligation or right to alter the threshold (*see Hernandez v Dunkin Brands Acquisition, Inc.*, 136 AD3d 980 [2016]; *Hahn v Wilhelm*, 54 AD3d 896, 899 [2008]; *Marrone v South Shore Props.*, 29 AD3d 961, 963 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted HSY's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court properly granted Rinzler's and Dominion's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Although Rinzler was an out-of-possession owner, pursuant to the subject lease, it retained authority to make changes to the area where the accident occurred (*see Davidson v Steel Equities*, 138 AD3d 911, 912 [2016]; *Denermark v 2857 W. 8th St. Assoc.*, 111 AD3d 660, 661 [2013]; *Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633, 634 [2011]; *see also Calderon v 88-16 N. Blvd, LLC*, 135 AD3d 681, 682 [2016]). Moreover, Dominion did not submit a copy of its property management contract with Rinzler show-

ing that it did not have any responsibility with respect to the area where the accident occurred (*see Lattimore v First Mineola Co.*, 60 AD3d 639, 642 [2009]; *Bazzicalupo v Winding Ridge Home Owner's Assn.*, 42 AD3d 415, 416-417 [2007]). However, Rinzler and Dominion demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that the threshold to the entrance of the premises was approximately five inches high and located in a brightly lit area, and therefore open and obvious and not inherently dangerous (*see Zeolla v Town of Stanford*, 134 AD3d 1100, 1101 [2015]; *Mathew v A.J. Richard & Sons*, 84 AD3d 1038, 1039 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Neville v 187 E. Main St., LLC*, 33 AD3d 682, 682-683 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defect was actionable (*see Zeolla v Town of Stanford*, 134 AD3d at 1101; *Neville v 187 E. Main St., LLC*, 33 AD3d at 683; *Murray v Dockside 500 Mar., Inc.*, 32 AD3d 832, 833 [2006]). In his affidavit, the plaintiff's expert architect did not dispute the fact that the premises were constructed in 1924, prior to the enactment of the building code, and cited no requirement that the premises be renovated to meet the building code enacted subsequent to its construction. Further, the Americans with Disabilities Act (*see* 42 USC § 12101 *et seq.*) standards, relied upon by the plaintiff's expert, generally do not require renovation of buildings constructed prior to 1991 (*see* 42 USC § 12183), and the expert cited no evidence that any exceptions to that rule were applicable here. The expert's reliance on standards promulgated by the American Society for Testing and Materials did not raise a triable issue of fact as to the liability of Rinzler and Dominion, since those standards are nonmandatory guidelines, a violation of which would not support a finding of liability (*see Cioffi v Klein*, 131 AD3d 914, 915 [2015]; *see also Moseley v Philip Howard Apts. Tenants Corp.*, 134 AD3d 785, 787 [2015]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.