Almah LLC v AIG Empl. Servs., Inc. (2018 NY Slip Op 00012)





Almah LLC v AIG Empl. Servs., Inc.


2018 NY Slip Op 00012


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5324 652117/14

[*1]Almah LLC, Plaintiff-Appellant,
v
AIG Employee Services, Inc., et al., Defendants-Respondents.


Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Jennifer J. Barrett of counsel), for respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about May 23, 2017, which granted defendants' motion to dismiss the first and fourth causes of action pursuant to CPLR 3211(a)(1) and (5), unanimously reversed, on the law, without costs, and the motion denied.
It is ambiguous whether defendant AIG Employee Services, Inc. is an "assign" under the release that plaintiff previously gave to nonparties (to this action) The Goldman Sachs Group, Inc. (GS) and Goldman, Sachs & Go. (together, the GS Parties). "A contract is ambiguous if the provisions in controversy are reasonably or fairly susceptible of different interpretations" (Goldman Sachs Group, Inc. v Almah LLC, 85 AD3d 424, 426 [1st Dept 2011] [emendations and internal quotation marks omitted], lv dismissed 18 NY3d 877 [2012]). On the one hand, defendants' interpretation — that AIG is an assign — is reasonable because Black's Law Dictionary (10th ed 2014) says "assign" is the same as "assignee," and AIG was an assignee of GS. On the other hand, plaintiff's interpretation — that AIG is not an assign — is also reasonable. If AIG were the GS Parties' assign, the GS Parties would arguably have been in immediate breach of the settlement agreement. Moreover, Morales v Rotino (27 AD3d 433 [2d Dept 2006]) supports plaintiff's interpretation.
If a contract is ambiguous, the complaint should not be "dismissed pre-answer before the development of a full factual record as to the parties' intent" (Telerep, LLC v U.S. Intl. Media, LLC, 74 AD3d 401, 403 [1st Dept 2010]).
In light of the above, it is unnecessary to consider whether the release would bar the first and fourth causes of action if
AIG were an assign.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK