Koretnicki v Northwoods Concrete, Inc. (2020 NY Slip Op 03445)





Koretnicki v Northwoods Concrete, Inc.


2020 NY Slip Op 03445


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

529775

[*1]Gary Koretnicki, Plaintiff,
v
Northwoods Concrete, Inc., Defendant and Third- Party Plaintiff- Respondent; Jimerico Construction, Inc., Third-Party Defendant- Appellant, et al., Third-Party Defendant.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Litchfield Cavo, LLP, New York City (Patricia A. Carbone of counsel), for third-party defendant-appellant.
Burke Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for defendant and third-party plaintiff-respondent.



Devine, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered March 25, 2019 in Schenectady County, which denied a motion by third-party defendant Jimerico Construction, Inc. to, among other things, dismiss the third-party complaint against it.
In 2016, plaintiff was allegedly injured while working at a commercial construction site. Plaintiff accepted $2,000 in settlement of his claims against third-party defendants, Village Air and Electric, Inc. and Jimerico Construction, Inc. — his employer and the contractor that retained it to do work at the construction site, respectively — and executed a release agreeing to hold them harmless. He then commenced this action against defendant, another contractor whose employees had allegedly caused the condition that led to his injuries. Defendant answered and impleaded Village Air and Jimerico, claiming that it was entitled to contribution and/or indemnification.
Jimerico moved, as is relevant here, to dismiss the third-party complaint on the ground that the release executed by plaintiff defeated the contribution and indemnification claims (see CPLR 3211 [a] [5]; General Obligations Law § 15-108). Supreme Court denied the motion with leave to renew upon the completion of further discovery, and Jimerico appeals.
It is undisputed that the release executed by plaintiff "relieve[d] [Jimerico] from liability to any other person for contribution" pursuant to CPLR article 14 and, as a result, Supreme Court should have dismissed defendant's contribution claim against Jimerico (General Obligations Law § 15-108 [b]; see Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 645-646 [1988]; Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985]; Bradt v Lustig, 280 AD2d 739, 740 [2001], appeal dismissed 96 NY2d 823 [2001]). In contrast, Jimerico's "settlement with
. . . plaintiff did not preclude [defendant] from seeking common-law indemnification from" it (Baron v Grant, 48 AD3d 608, 610 [2008], lv dismissed 11 NY3d 825 [2008]; see Rosado v Proctor & Schwartz, 66 NY2d at 24-25; Bradt v Lustig, 280 AD2d at 740). Accepting the facts alleged in the third-party complaint as true upon this motion to dismiss, plaintiff's injuries resulted from either his own conduct or that of third-party defendants and, inasmuch as those allegations are not conclusively refuted by either the release or any other proof in the record, Jimerico failed to establish its entitlement to dismissal of the common-law indemnification claim (see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63-64 [2012]; T. Lemme Mech., Inc. v Schalmont Cent. School Dist., 52 AD3d 1006, 1008-1009 [2008]; see also Yacovacci v Shoprite Supermarket, Inc., 24 AD3d 539, 541 [2005]).
Jimerico's remaining arguments, to the extent that they are properly before us, have been considered and are meritless.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by third-party defendant Jimerico Construction, Inc. seeking to dismiss the claim for contribution in the third-party complaint; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.