Kramer v Bailey Rest. Group. Inc. (2024 NY Slip Op 00025)

Kramer v Bailey Rest. Group. Inc.

2024 NY Slip Op 00025

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 157987/17 Appeal No. 1349 Case No. 2023-01791 

[*1]Lisa R. Kramer, Plaintiff-Appellant,
v
Bailey Restaurant Group. Inc. Doing Business as The Bailey, Defendant-Respondent, RCQ Hotel FD, LLC, et al., Defendants-Appellants.

Kelner and Kelner, New York (Emil L. Samuels of counsel), for Lisa R. Kramer, appellant.
Cascone & Kluepfel LLP, Farmingdale (Kyle Silverstein of counsel), for RCQ Hotel FD, LLC and RCQ Hotel Operator FD, LLC, appellants.
Morris Duffy Alonso Faley & Pitcoff, New York (Ira E. Goldstein of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 31, 2022, which granted the motion of defendant Bailey Restaurant Group, Inc. d/b/a The Bailey (The Bailey) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that she was exiting The Bailey through its revolving door when she fell and was injured because of the sudden drop in elevation between the door and the sidewalk. The revolving door was on a landing approximately six inches above the sidewalk. The Bailey established entitlement to summary judgment by demonstrating that it did not have a duty to plaintiff with respect to the alleged defective condition of the revolving door (see Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]; Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 914 [2d Dept 2017]). The Bailey's lease with the owner of the premises, defendant RCQ Hotel FD, LLC, RCQ Hotel Operator FD, LLC, included only that portion of the revolving door that was within the building itself, and it did not include the step on which plaintiff fell (see e.g. id.; cf. Reyes v Morton Williams Associate Supermarkets, Inc., 50 AD3d 496 [1st Dept 2008]). Under the lease, The Bailey is responsible for "tak[ing] good care of" and "mak[ing] all non-structural repairs" to the leased premises, including "the exterior and interior of all windows, plate glass, doors, door frames and bucks." Further, the president of The Bailey testified that it was only responsible for the general cleaning of the revolving door and ensuring that it remained free of obstructions. It is undisputed that The Bailey made no structural changes or repairs to the step off the revolving door, which allegedly caused plaintiff's accident.
Appellants' claim that The Bailey assumed a duty to warn of the defective condition is unavailing, as the "watch your step" warning stickers on the revolving door were placed there before The Bailey occupied the premises. Moreover, plaintiff admitted that she did not see the warning stickers before her fall, so she cannot claim that she
relied on The Bailey's "gratuitous conduct" to her detriment (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507 [1980]; see also McIntosh v Moscrip, 138 AD2d 781 [3d Dept 1988]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024